NETHERLAND, WARDEN v. TUGGLE

No. A–209.   Decided September 1, 1995

PER CURIAM.

Applicant asks that we vacate a stay of execution granted Tuggle by the Court of Appeals for the Fourth Circuit. Because we agree with applicant that the stay was improvidently entered, we grant his application to vacate, provided that the stay shall remain in effect until September 20, 1995, to allow Tuggle's counsel opportunity to seek a further stay in this Court.

On June 29, 1995, the Court of Appeals issued an opinion vacating the District Court's grant of habeas relief, finding all of Tuggle's constitutional claims to be without merit. *Tuggle* v. *Thompson,* 57 F. 3d 1356. The court stayed the issuance of its mandate on August 2, however, and granted Tuggle a 30-day stay of execution pending the filing of a timely petition for certiorari in this Court; then on August

it extended the stay of execution for the full 90 days allowed to file a certiorari petition in this Court.

Both actions of the court were taken by summary order without opinion or discussion. Nothing indicates that the Court of Appeals even attempted to undertake the three-part inquiry required by our decision in *Barefoot* v. *Estelle*, 463 U. S. 880, 895–896 (1983). See also *Maggio* v. *Williams*, 464 U. S. 46, 48 (1983) *(per curiam); Autry* v. *Estelle*, 464 U. S. 1, 2–3 (1983) *(per curiam)*. There is no hint that the court found that "four Members of th[is] Court would consider the underlying issue sufficiently meritorious for the grant of certiorari" or that "a significant possibility of reversal" existed. *Barefoot, supra*, at 895. We think the inescapable conclusion is that the Court of Appeals mistakenly believed that a capital defendant as a matter of right was entitled to a stay of execution until he has filed a petition for certiorari in due course. But this view was rejected in *Autry, supra*, at 2, and *Maggio, supra*, at 48.

Accordingly, the application to vacate the stay of execution is granted.

JUSTICE STEVENS, with whom JUSTICE GINSBURG joins, dissenting.

Because there is no support in the record for the conclusion that the Court of Appeals abused its discretion when it granted a stay of execution to enable respondent Tuggle to file a petition for certiorari, I respectfully dissent. The fact that the respondent has substantial grounds for challenging the constitutionality of his death sentence is demonstrated both by the issuance of a writ of habeas corpus by the District Court and by the 19-page opinion filed by the Court of Appeals. *Tuggle* v. *Thompson*, 57 F. 3d 1356 (CA4 1995). Promptly after that opinion was announced, respondent filed a motion for a stay of execution supported by an explanation of why "the three-part inquiry," *ante* this page, described in *Barefoot* v. *Estelle*, 463 U. S. 880, 895–896 (1983), warranted

that relief. It is disrespectful to the Court of Appeals to assume that its grant of that motion did not implicitly endorse the reasoning in respondent's moving papers.

The stay of execution would merely have given respondent the opportunity to seek the review in this Court that has been authorized by Congress and our Rules. In my opinion it is both unwise and unfair to require a death row inmate who has acted diligently at all stages of his litigation to prepare and file a petition raising substantial claims more promptly than other litigants. I would deny the warden's application.

JUSTICE SOUTER would deny the application to vacate stay of execution.

JUSTICE BREYER, for reasons stated in the first paragraph of JUSTICE STEVENS' dissent, votes to deny the application.