Gary BURRIS, Petitioner–Appellant,

v.

Al C. PARKE, Warden, Respondent–Appellee.

No. 95–3725.

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 21, 1995.

Decided Nov. 23, 1995.

Rehearing Denied Nov. 27, 1995.*

Order Granting Rehearing En Banc and Vacating Opinion Nov. 28, 1995.

Alan M. Freedman (submitted) and Bruce H. Bornstein, Freedman & Bornstein, Chicago, IL, for Petitioner–Appellant.

Geoff Davis and Geoffrey Slaughter, Office of the Attorney General, Indianapolis, IN, for Respondents–Appellees.

Before CUDAHY, EASTERBROOK, and MANION, Circuit Judges.

PER CURIAM.

Gary Burris has a date with death: November 29 at 12:01 a.m. He seeks a writ of habeas corpus, arguing that his lawyer in the sentencing proceedings was ineffective. The Supreme Court of Indiana considered and rejected this claim, as it earlier had rejected Burris's substantive challenges to his sentence. *Burris v. State,* 642 N.E.2d 961 (Ind. 1994), cert. denied, — U.S. ——, 116 S.Ct. 319, 133 L.Ed.2d 221 (1995). The district court denied Burris's petition under 28 U.S.C. § 2254, deeming it an abuse of the writ in light of his earlier collateral attack, which was resolved adversely to him. *Burris v. Farley,* 51 F.3d 655 (7th Cir.1995). The district court also declined to issue a certificate of probable cause for appeal, 28 U.S.C. § 2253, and Burris now asks us to issue such a certificate and a stay of execution. The case was assigned to the original panel under

* Circuit Judge Cudahy votes to grant the petition for rehearing.

Circuit Rule 22(h), which also authorizes summary disposition of successive petitions.

Burris's initial federal petition was filed while the validity of his death sentence was on appeal to the Supreme Court of Indiana. The district judge warned Burris and his lawyer that this was a risky maneuver; as Justice O'Connor observed in *Rose v. Lundy*, 455 U.S. 509, 521, 102 S.Ct. 1198, 1204, 71 L.Ed.2d 379 (1982) (plurality opinion), "a prisoner who decides to proceed only with his exhausted claims and deliberately sets aside his unexhausted claims risks dismissal of subsequent federal petitions." Burris nonetheless decided to forge ahead. He changed his mind on appeal, but we declined to relieve him of the consequences of his choice by vacating the district court's decision. 51 F.3d at 658. Our opinion observed, however, that if the state were to plead abuse of the writ in response to a later petition, Burris would be free to litigate the significance of his initial petition. That time has come. Because this question was not definitively resolved on the first appeal, we think it appropriate to issue a certificate of probable cause. See *Barefoot v. Estelle*, 463 U.S. 880, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983); *Maggio v. Williams*, 464 U.S. 46, 104 S.Ct. 311, 78 L.Ed.2d 43 (1983); *Lozada v. Deeds*, 498 U.S. 430, 111 S.Ct. 860, 112 L.Ed.2d 956 (1991). As the Supreme Court has recently held, however, that step does not entitle the petitioner to a stay of execution. A stay is proper only if the petitioner has a significant chance of prevailing on the merits. *Netherland v. Tuggle*, — U.S. ——, 116 S.Ct. 4, 132 L.Ed.2d 879 (1995). For substantially the reasons given by the district judge, we conclude that Burris has not demonstrated such a possibility.

To justify a successive federal petition for collateral relief, a petitioner must establish cause and prejudice—or a colorable claim of innocence. *McCleskey v. Zant*, 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991); *Gomez v. United States District Court*, 503 U.S. 653, 112 S.Ct. 1652, 118 L.Ed.2d 293 (1992). Burris does not contend that he is either factually or legally "innocent" of the death penalty, as the Supreme Court used that term in *Sawyer v. Whitley*, 505 U.S. 333, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992); see also *Schlup v. Delo*, — U.S. ——, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Instead he seeks to show "cause" for filing sequential petitions. On his prior appeal, Burris argued that the state's delay in coming to a conclusion about his sentence compelled him to initiate a collateral attack, lest he be deemed to have forfeited his entitlement by his own procrastination. We considered and rejected this argument on the merits; Burris does not renew it. Nor does he argue, as the prisoner did in *Phillips v. Vasquez*, 56 F.3d 1030 (9th Cir.1995), that *undue* delay by the state invited a petition addressing the conviction while sentencing issues had not been exhausted. Our initial opinion observed that a state should not be entitled to string out the sentencing process as a way of holding captive someone with a strong claim of innocence to the charge of crime. Burris does not now argue either that he was factually innocent of murder or that the state delayed unduly at any step of the process. Unjustified delay therefore cannot supply the "cause" for a petition limited to the guilt phase of the proceedings. (There is a second reason why *Phillips* does not assist Burris: it dealt only with exhaustion, and thus the propriety of the first petition. It did not address the circumstances under which undue delay might entitle a prisoner to file sequential petitions.)

What Burris does argue is that he raised his challenges to his sentence as soon as he could: "Petitioner's new death sentence was not affirmed by the Indiana Supreme Court until November 4, 1994, nearly eight months *after* his guilt/innocence Habeas Corpus Petition had been dismissed on January 27, 1994. Consequently, Petitioner's claims from direct appeal could not have been brought in his guilt/innocence Habeas Corpus Petition because they had not been exhausted." (Emphasis in original.) This is true but beside the point. *Given* the sequential petitions, the issues had to be allocated as they have been; sentencing issues were not exhausted at the time of the original federal collateral attack. But the abuse of the writ lies in filing sequential petitions; Burris therefore must show "cause" for demanding review of his conviction while sentencing questions were on appeal in the state system. He did not make that showing on the prior appeal, and his current papers do not even try to do so.

Burris may well have had his reasons. He may have thought, for example, that the Supreme Court of Indiana would give him full and fair consideration on the sentencing question, so that he would lose little by giving up the right to sequential review in federal court, while accelerating review of the merits. His principal challenges to his sentence were based on state rather than federal law, and the Supreme Court of Indiana indeed provided thoughtful consideration. Constitutional challenges to Indiana's capital sentencing procedures are hard to come by in the wake of *Schiro v. Clark*, 963 F.2d 962 (7th Cir.1992), affirmed under the name *Schiro v. Farley*, —— U.S. ——, 114 S.Ct. 783, 127 L.Ed.2d 47 (1994). Burris has not asked us to revisit any of the conclusions that the Supreme Court of Indiana reached when affirming his death sentence. His current petition, limited to complaints about the performance of counsel at the second sentencing proceeding, does not persuade us that any injustice has been done. Although Burris may now rue his decision to argue the conviction in federal court at the expense of leaving sentencing questions to the state courts (with potential review in the Supreme Court of the United States), regret is not "cause" that permits him to have things both ways.

Choices have consequences—the choice to slay Kenneth W. Chambers in cold blood has earned Burris the ultimate penalty, and the choice to press a collateral attack limited to the judgment of conviction has allocated final resolution of sentencing questions to state court. Burris's two choices mean that the judgment of the district court must be affirmed. His motion for stay of execution is denied.

CUDAHY, Circuit Judge, concurring in part and dissenting in part:

The standard that must be met for issuance of a certificate of probable cause is that the petitioner make a "substantial showing of denial of a federal right." *Barefoot v. Estelle*, 463 U.S. 880, 893, 103 S.Ct. 3383, 3394, 77 L.Ed.2d 1090 (1983). In order to make such a showing it suffices that the issue for decision be "debatable among jurists of reason." *Lozada v. Deeds*, 498 U.S. 430, 432, 111 S.Ct. 860, 862, 112 L.Ed.2d 956 (1990) (per curiam). By issuing the certificate (correctly, I believe), we have determined that such a question exists in this case. That being the situation, we should hear this appeal after affording the parties an opportunity for argument and with normal deliberation—not rush to judgment the day before Thanksgiving. A stay of execution should be granted for that limited purpose. Whatever the merits and just deserts of the defendant, he should receive a proper hearing.[1]

The question presented—whether the submission of a habeas petition regarding guilt or innocence followed by a second petition directed to a death sentence is necessarily an abuse of the writ—is only one of *second* impression. The Ninth Circuit in *Phillips v. Vasquez*, 56 F.3d 1030 (9th Cir.1995), decided that this mode of proceeding was not such an abuse. Whether the facts in that case are sufficiently distinguishable to dictate a different result here is not obvious and, I believe, calls for much more careful consideration. This is, after all, merely the threshold determination; we have not reached the petitioner's specific constitutional claims.

The considerations which underlie the abuse of the writ doctrine are not even implicated by the procedure followed in this case. As the Supreme Court explained in *McCleskey v. Zant*, 499 U.S. 467, 489–97, 111 S.Ct. 1454, 1467–72, 113 L.Ed.2d 517 (1991), the abuse of the writ doctrine is based on respect for the finality of judgments, the costs of federal habeas corpus review, the burden on scarce federal judicial resources and the potential incentives to withhold claims for manipulative purposes. None of these considerations is implicated by allowing the bringing of separate habeas corpus petitions challenging the guilt and penalty phases of a death penalty case. If anything, this bifurcated procedure has been more expeditious and

---

1. While successive habeas corpus petitions can, in some instances, be dealt with summarily, the Supreme Court has instructed us that a stay is appropriate when there are "substantial grounds upon which relief might be granted." *Barefoot*, 463 U.S. at 895, 103 S.Ct. at 3395. *Netherland v. Tuggle*, —— U.S. ——, 116 S.Ct. 4, 132 L.Ed.2d 879 (1995), cited by the majority, does not concern the proper standard for granting a stay of execution when a certificate of probable cause has been issued in a habeas corpus appeal. *Netherland* deals only with the issuance of a stay of execution pending Supreme Court decision on a petition for certiorari.

less consumptive of judicial resources than would have been the case if Burris had waited to present his petition challenging his conviction until the State had completed proceedings on his sentence. After all, the State had finally upheld his conviction and vacated his sentence four years before the resentencing was finally upheld.

The Supreme Court has, of course, never considered the abuse of the writ doctrine in this context. Justice O'Connor's plurality opinion in *Rose v. Lundy* certainly does not address facts remotely comparable to the ones before us. 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). In *Rose,* the petitioner presented four claims arising from the single trial where he was convicted. Of these, state remedies were exhausted as to two but not as to the other two. This is a pattern very typical of habeas submissions. And the plurality comment that "a prisoner who decides to proceed only with his exhausted claims … risks dismissal of subsequent federal petitions" is hardly dispositive of the wholly different facts here. *Rose,* 455 U.S. at 521, 102 S.Ct. at 1204 (plurality opinion). Thus, in *Rose,* the "two unexhausted claims for relief were intertwined with the exhausted ones." *Id.* at 519, 102 S.Ct. at 1204 (majority opinion). Burris, in his two petitions, raises claims which not only are not intertwined, they arise from two proceedings entirely separate in time and in content. As the Court in *Rose* noted, "the exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Id.* at 518, 102 S.Ct. at 1203 (majority opinion). When, as here, two sets of claims arise from the distinct guilt and penalty phases of a capital case, these comity considerations are totally absent.

With respect to cause and prejudice, the majority incorrectly asserts that Burris has not even tried to demonstrate cause. Burris has in fact argued that the extraordinary gap between his conviction and his resentencing presented a dilemma. He contends that his trial claims grew stale as he awaited final disposition of the resentencing. The cause requirement in the abuse of the writ context was based "on the principle that petitioner must conduct a reasonable and diligent investigation" of his possible claims. *McCleskey,* 499 U.S. at 498, 111 S.Ct. at 1472. Here Burris argues that a procedural dilemma—not lack of diligence—led him to make a bifurcated filing. How the Supreme Court would view the unprecedented pattern of events in the present case is certainly enough of a question to merit more than summary disposition.

For all these reasons, I am not prepared to dispose of this petition in a summary fashion—based only on a brief submission in support of a request for a certificate of probable cause and for a stay. I would grant the stay and hear the appeal.

I therefore respectfully dissent in the respects indicated.

### ORDER

The court has voted to rehear this case en banc. The decision of the panel is vacated, the case is set for oral argument on December 19, 1995, at 9:30 a.m., and the sentence of death is stayed until further order of the court.

Appellant's brief must be received by the close of business on December 7. Appellee's brief must be received by 2:00 p.m. on December 14. A reply brief may be filed by the close of business on December 18.