No. A–303. ANGELONE, DIRECTOR, VIRGINIA DEPARTMENT OF CORRECTIONS *v.* BENNETT. Application to vacate the stay of execution of sentence of death granted by the United States Court of Appeals for the Fourth Circuit on October 23, 1996, presented to THE CHIEF JUSTICE, and by him referred to the Court, granted.

JUSTICE STEVENS, dissenting.

A procedural issue of greater importance than the timing of respondent's execution is presented by the application to vacate the stay entered by the Court of Appeals. In Title I of the Antiterrorism and Effective Death Penalty Act of 1996, 110 Stat. 1217, Congress significantly limited the authority of the federal courts to entertain second or successive habeas corpus applications by state prisoners. See *Felker* v. *Turpin,* 518 U. S. 651 (1996). That action by Congress increases the importance of making sure that the courts have a full and fair opportunity to consider the first federal petition filed by such prisoners.

In this case, the Director of the Virginia Department of Corrections has asked this Court to take the extraordinary step of vacat-

ing a stay that the Court of Appeals had entered to enable a death row inmate to have the time available to all other litigants to file a petition for certiorari to review the denial of his first federal habeas corpus petition. Evenhanded administration of this Court's Rules counsels against action that affords such special treatment to the director. Moreover, the Court's decision to vacate the stay creates a precedent that will invite wardens generally to ask us routinely to expedite our processing of certiorari petitions in similar cases. Given the irreparable consequences of error in a capital case, I believe we should steadfastly resist the temptation to endorse procedural shortcuts that can only increase the risk of error. In response to the congressional decision effectively to limit death row inmates to one meaningful opportunity to obtain federal habeas corpus relief, we should give greater, rather than less, scrutiny to a death row inmate's allegations in his first federal habeas petition.

Accordingly, I respectfully dissent.

JUSTICE BREYER, with whom JUSTICE GINSBURG joins, dissenting.

Our cases make clear that a court of appeals should grant a stay (to permit application for a writ of certiorari) only in a special case—a case presenting a significant likelihood of a grant. *E. g., Netherland* v. *Tuggle,* 515 U. S. 951 (1995). There is no reason to believe that the Court of Appeals was unaware of the *Tuggle* standard when it granted the motion to stay Bennett's execution. Even if it mispredicted this Court's eventual view of the case, it did not act unreasonably in doing so. See 92 F. 3d 1336, 1345 (CA4 1996) (describing the prosecutor's closing argument at Bennett's trial as "highly improper" and deserving "strong condemnation"). Further, the Court of Appeals issued its stay to permit this Court to review a *first* habeas petition. The petitioner, in other words, simply has used, not abused, the writ. Cf. 28 U. S. C. § 2244(b) (placing strict limits on subsequent habeas corpus applications).

Given these circumstances, I can find no special reason for this Court to curtail the certiorari time normally available or, in effect, to make its certiorari decision on a schedule determined by the State's execution timetable, rather than by this Court's Rules. Compare this Court's Rule 13.1 (providing for 90-day filing period) with Va. Code Ann. § 53.1–232.1 (Supp. 1996) (providing for maxi-

mum 60-day period before execution). Thus, I would permit this stay of execution to remain in place pending the filing and consideration of Bennett's petition for certiorari.