FILED:  November 8, 1996

**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

No. 95-4004

RONALD BERNARD BENNETT,

Petitioner - Appellant,

versus

RONALD J. ANGELONE, Director, Virginia
Department of Corrections,

Respondent - Appellee.

———————

O R D E R

We have before us a motion to stay the execution of Bennett, which execution has been set for November 21, 1996.  The motion was filed November 5, 1996.  On October 23, 1996, we entered our order staying the execution of Bennett until the final disposition of any timely filed petition for certiorari in the Supreme Court of the United States.  That stay of execution was vacated by order of the Supreme Court in Angelone v. Bennett, No. A-303 on November 4, 1996.

Our said order of October 23, 1996, reflected a long-standing practice in this circuit of treating death penalty cases the same as other criminal cases with respect to time restrictions on filing writs of certiorari.  That practice had been followed, at least until Netherland v. Tuggle, 116 S.Ct. 4, (1995), and even

thereafter.  But the said decision of the Court in this case vacating our said order of October 23, 1996 made it plain that the Court does not approve of our said practice.

The gist of Bennett's present motion is that ". . . Bennett is requesting only that he be afforded the same time for filing a petition for a writ of certiorari that is afforded to other litigants in the United State Supreme Court." Petition, p. 1. That same reason was offered in Bennett's previous petition filed October 16, 1996, p. 1.  That the present motion is without merit is made plain by the dissenting opinions in Angelone v. Bennett, No. A-303, to which we have previously referred.

With respect to other merit of the motion for a stay of execution which was filed October 16, 1996, we are of opinion the execution date having been set, the only open question is whether or not there is "'a significant possibility of reversal.'" Netherland v. Tuggle, 116 S.Ct. at 5.

The said motion for a stay of execution relies, as grounds for reversal, on improper argument of the Commonwealth's attorney at the sentencing phase and the failure of Bennett's attorneys to object to that argument.  In our opinion in this case, however, we rejected the contention that the argument was constitutionally impermissible because

> it was not sufficiently egregious to render Bennett's trial fundamentally unfair.  First, the evidence of Bennett's guilt was powerful, and there is little doubt that the murder of which he was convicted was a particularly vile one.  Next, immediately before the sentencing argument, the trial court gave the standard instruction, "What the lawyers say is not evidence. You heard the evidence.  You decide what the evidence is." [page citation omitted]  Thus, we ultimately are

> convinced that the Commonwealth's improper arguments—
> though clearly such—did not so infect the sentencing
> proceedings as to render them constitutionally unfair.

Slip, p. 14.

With respect to the contention that Bennett's attorneys were incompetent for not objecting to the closing argument, we rejected that claim also. Bennett's attorneys had intentionally not objected as a tactical matter. We noted that such is a standard trial tactic and concluded that the failure to object did not render them constitutionally ineffective. Slip, p. 19-20.

We adhere to those conclusions and are of opinion that there is not a significant possibility of reversal in this case.

It is accordingly ADJUDGED and ORDERED that the motion for a stay of execution shall be, and the same hereby is, denied. [*]

With the concurrences of Judge Phillips and Judge Motz.

/s/ H. E. Widener, Jr.
_____
For the Court

---

[*] We adopt the reasoning of Judge Widener in the opinion filed November 7, 1996, in the case of <u>Beaver v. Netherland</u>, No. 95-4003, as it may concern our consideration of motions for stays of executions in capital cases. It is also not remiss for us to say that the attorneys for Bennett would be well advised to file forthwith in the Supreme Court of the United States their petition for certiorari, together with any appropriate motions.