# NETHERLAND, WARDEN *v.* GRAY

No. A–425.   Decided December 23, 1996

CHIEF JUSTICE REHNQUIST, Circuit Justice.

The Commonwealth of Virginia has asked me to vacate the Court of Appeals for the Fourth Circuit's stay of execution in respondent Gray's case, noting that the court did not purport to follow the standard for such stays set out in *Barefoot* v. *Estelle,* 463 U. S. 880 (1983).

In *Gray* v. *Netherland,* 518 U. S. 152, 170–171 (1996), we remanded to the Court of Appeals Gray's claim that the Commonwealth had violated due process by misleading him about evidence it intended to use at sentencing. The court held that the claim was procedurally defaulted. *Gray* v. *Netherland,* 99 F. 3d 158, 166 (CA4 1996). The Court of Appeals therefore remanded Gray's case to the District Court with instructions to dismiss his habeas corpus petition but added, "[i]n view of the Supreme Court's opinion remanding the case to us, we think the respectful course is to stay both our mandate and [Gray's] execution until such time as the Supreme Court rules on any petition for certiorari." *Ibid.*

We have repeatedly and recently stated that it is not appropriate for a court of appeals to grant a stay of execution to permit a death-row inmate to file a petition for a writ of certiorari without first conducting the *Barefoot* inquiry.

1301

1302

See *Netherland* v. *Tuggle*, 515 U. S. 951, 952 (1995). We have rejected the view that "a capital defendant as a matter of right [is] entitled to a stay of execution until he has filed a petition for certiorari in due course." *Ibid.*

I nonetheless deny the Commonwealth's motion to vacate the stay of execution because, so far as I can tell, there is no execution scheduled. If there is no execution scheduled, it cannot be stayed, and there is nothing for me to vacate. See *Netherland* v. *Tuggle*, 517 U. S. 1301 (1996) (REHNQUIST, C. J., Circuit Justice) (no stay of execution to vacate where Court of Appeals had only stayed its own mandate).