The COALITION FOR ECONOMIC EQUITY; California NAACP; Northern California NAACP; California Labor Federation; AFL–CIO; Council of Asian American Business Associations, California; Chinese American Citizens' Alliance; Women Contruction Business Owners And Executives, California Chapter; United Minority Business Entrepreneurs; Chinese for Affirmative Action; Black Advocates in State Service; Asian Pacific American Labor Alliance; La Voz Chicana; Black Chamber of Commerce of California; Michele Bennett; Nancy Burns; Floyd Chavez; Christopher Clay; Dana Cunningham; Iran Celeste Davila; Shevade Dove, nfr Melodie Dove; Jessica Lopez; Virginia Mosqueda; Salvador Ochoa; Clifford Tong, Plaintiffs–Appellees,

v.

Pete WILSON, Governor; Daniel E. Lungren, Attorney General for the State Of California; Joanne Corday Kozberg, Secretary of State and Consumer Services Agency and Cabinet Member; James Gomez, Dir. Dept. of Corr., Defendants–Appellants.

and

Californians Against Discrimination and Preferences, Inc., Defendant–Intervenor/Appellant.

Nos. 97–15030, 97–15031.

United States Court of Appeals, Ninth Circuit.

Aug. 26, 1997.

---

Before: O'SCANNLAIN, LEAVY and KLEINFELD, Circuit Judges.

### ORDER

Defendant City and County of San Francisco ("San Francisco"), Defendant County of Marin ("Marin"), and all Plaintiffs–Appellees, except California Labor Federation, (together called "Applicants") have filed emergency motions applying for a stay of the mandate in this case pending petition to the Supreme Court of the United States for writ of certiorari. Notwithstanding that San Francisco and Marin are not parties to the appeal, we grant them leave to file the emergency motions. Briefs in opposition to the emergency motions were filed by Defendants–Appellants Pete Wilson, Governor, et al. (the "State"), and Defendant–Intervenor Californians Against Discrimination and Preferences, Inc. ("CADP").

We have take into consideration all of the filings and the relevant principles which apply to the decision of a court of appeals to grant a stay of its mandate, which, in this case, would be tantamount to extending the preliminary injunction entered by the district court on December 23, 1996, which we have already held rests on an erroneous legal premise. *See Netherland v. Tuggle,* 515 U.S. 951, ——, 116 S.Ct. 4, 5, 132 L.Ed.2d 879 (1995) (vacating stay where court of appeals failed to apply required three-part test for granting stay) (citing *Barefoot v. Estelle,* 463 U.S. 880, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983)); *see also Maggio v. Williams,* 464 U.S. 46, 48, 104 S.Ct. 311, 312, 78 L.Ed.2d 43 (1983).

We are particularly mindful that:

1) A three judge panel of this court held that, as a matter of law, Proposition 209 does not violate the United States Constitution. The active judges of this court voted to leave that judgment undisturbed in rejecting the suggestion for rehearing en banc.

2) There is no inter-Circuit conflict on the law governing this case. *See* Supr. Ct.R 10(a).

3) Applicants have failed to identify any other traditional criteria employed by the Supreme Court in granting certiorari. Notwithstanding their assertions, we are simply not persuaded that the decision conflicts with any decision of the Supreme Court. *See* Supr.Ct.R 10(c).

Further, balancing the equities, we are persuaded that the State has demonstrated the clear possibility of irreparable injury to its citizens if a stay of the mandate is granted; it is clear that a state suffers irreparable injury whenever an enactment of its people or their representatives is enjoined. *See New Motor Vehicle Bd. v. Orrin W. Fox Co.,* 434 U.S. 1345, 1351, 98 S.Ct. 359, 363, 54 L.Ed.2d 439 (1977) (Rehnquist, J., in chambers) ("It also seems to me that any time a State is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury."); *see also Campbell v. Wood,* 20 F.3d 1050, 1051 (9th Cir.1994).

For the foregoing reasons, the emergency motions for stay of mandate pending petition to the Supreme Court for writ of certiorari are denied without prejudice to renewing such motions before the Supreme Court.

The mandate shall issue in the normal course, seven days after the date on which

the order denying the petition for rehearing was entered.