Filed: February 17, 1999

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 99-6048
(CA-98-800-3)

Mark A. Sheppard,

Plaintiff - Appellant,

versus

Mark L. Early, etc.,

Defendant - Appellee.

O R D E R

The court amends its opinion filed January 19, 1999, as follows:

On the cover sheet, section 1 -- the status is changed from "UNPUBLISHED" to "PUBLISHED."

On the cover sheeet, section 6 -- the status is changed to begin "Affirmed by published opinion...."

On page 2, section 2 -- the reference to use of unpublished opinions as precedent is deleted.

For the Court - By Direction

/s/ Patricia S. Connor
Clerk

**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MARK A. SHEPPARD,
Plaintiff-Appellant,

v.

MARK L. EARLY, individually and in
his capacity as Attorney General of

Virginia,
Defendant-Appellee,

and

COMMONWEALTH OF VIRGINIA,
Defendant.

No. 99-6048

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge.
(CA-98-800-3)

Submitted: January 12, 1999

Decided: January 19, 1999

Before WILKINSON, Chief Judge, and WILKINS and
NIEMEYER, Circuit Judges.

_____

Affirmed by published opinion. Judge Wilkins wrote the opinion,
in which Chief Judge Wilkinson and Judge Niemeyer joined.

_____

**COUNSEL**

Steven D. Benjamin, BENJAMIN & DESPORTES, P.C., Richmond,
Virginia; Dana Johannes Finberg, Timothy Michael Kaine, MEZ-

ZULLO & MCCANDLISH, P.C., Richmond, Virginia, for Appellant.
Donald Richard Curry, OFFICE OF THE ATTORNEY GENERAL
OF VIRGINIA, Richmond, Virginia, for Appellee.

_____

**OPINION**

WILKINS, Circuit Judge:

Mark A. Sheppard, a Virginia inmate sentenced to death for the
1993 murders of Richard A. and Rebecca W. Rosenbluth, brought this
action pursuant to 42 U.S.C.A. § 1983 (West Supp. 1998). Sheppard
argues that Va. Code Ann. § 53.1-232.1 (Michie 1998) violates his
right to equal protection guaranteed by the Fourteenth Amendment.
U.S. Const. amend. XIV, § 1. The basis of his claim is that the statute
requires the Commonwealth to set an execution date within approxi-
mately 60 to 70 days after receiving written notice that this court has
denied habeas corpus relief. This, he maintains, truncates the time
normally permitted for a petitioner to request certiorari and places
limitations on the amount of time the Supreme Court has to consider
that request. The district court granted the Commonwealth's motion
to dismiss and denied Sheppard's motion for preliminary injunction.
Sheppard now moves this court for expedited appeal and seeks rever-
sal of the decision of the district court dismissing his action. We grant
Sheppard's motion for expedited appeal and affirm.

I. Procedural Background

1. Sheppard was convicted of capital murder and sentenced to
death before a Virginia jury. His convictions and sentences were
affirmed on direct appeal before the Supreme Court of Virginia, and
the Supreme Court denied certiorari. See Sheppard v. Commonwealth,
464 S.E.2d 131, 141 (Va. 1995), cert. denied, 517 U.S. 1110 (1996).

2

2. In 1996, Sheppard sought and was denied postconviction relief from the Supreme Court of Virginia.

3. In 1997, Sheppard filed a petition for a writ of habeas corpus in the United States District Court for the Eastern District of Virginia. See 28 U.S.C.A. § 2254 (West 1994 & Supp. 1998). The district court denied relief on February 11, 1998 and denied Sheppard's motion to alter or amend judgment in April 1998.

4. Following oral argument, this court affirmed the denial of habeas relief on October 23, 1998; and on November 17, 1998, this court denied rehearing and rehearing en banc.

5. The same day, the Attorney General of Virginia sent a letter to the state trial court notifying it of our denial of habeas corpus relief and seeking a hearing to set an execution date for Sheppard. Relying on § 53.1-232.1, the Commonwealth requested that the hearing be conducted within 10 days and that the execution be set within 60 days thereafter.

6. The state trial court conducted a telephonic hearing on November 23, 1998. During this proceeding, the state trial court set an execution date of January 20, 1999.

7. This court subsequently denied a motion by Sheppard for a stay of execution and mandate on November 25, 1998.

8. On December 22, 1998, Sheppard filed the present § 1983 action and a motion for a preliminary injunction in district court. The Commonwealth filed a motion to dismiss on January 7, 1999. The district court conducted a hearing on January 11, 1999. And, the following day, it entered an order granting the Commonwealth's motion to dismiss and denying Sheppard's motion for preliminary injunction.

9. Sheppard filed a notice of appeal and a motion for expedited appeal on January 12, 1999. The Commonwealth filed its response to the motion on January 13, 1999.

II. <u>Analysis</u>

Va. Code Ann. § 53.1-232.1 provides in pertinent part:

3

> In a criminal case where a sentence of death has been imposed, the trial court shall set an execution date when it is notified in writing by the Attorney General or the attorney for the Commonwealth, and the court finds that: . . . (iii) the United States Court of Appeals has affirmed the denial of federal habeas corpus relief or the time for filing a timely appeal in that court has passed without such an appeal being filed, or (iv) the Supreme Court of the United States has issued a final order after granting a stay in order to dispose of the petition for a writ of certiorari to review the judgment of the United States Court of Appeals.
>
> The trial court shall conduct a proceeding to set the date within ten days after receiving the written notice from the Attorney General or the attorney for the Commonwealth. The execution date shall be set by the trial court . . . shall be no later than sixty days after the date of the proceeding.

In sum, § 53.1-232.1 requires that an execution date be set within 60 to 70 days following the notification by the Attorney General or the attorney for the Commonwealth of the decision of this court denying habeas corpus relief. Because Rule 13 of the Rules of the Supreme Court of the United States provides for a 90-day period following a decision of a court of appeals in which to file a timely petition for certiorari, Sheppard maintains that § 53.1-232.1 violates his Fourteenth Amendment right to equal protection by truncating the time otherwise afforded to file a petition for certiorari. Further, Sheppard argues that he is deprived of equal protection because the execution date places time limitations on consideration by the Supreme Court of a petition for certiorari not applicable to petitions by non-capital petitioners.

The Equal Protection Clause guarantees that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. In a broad sense, "[t]he Equal Protection Clause requires every State to govern impartially." Karcher v. Daggett, 462 U.S. 725, 748 (1983) (Stevens, J., concurring). The Clause "does not take from the States all power of classification." Personnel Adm'r of Mass. v. Feeney, 442 U.S. 256, 271 (1979). Instead, "[i]t simply keeps governmental decisionmakers from treat-

4

ing differently persons who are in all relevant respects alike."
Nordlinger v. Hahn, 505 U.S. 1, 10 (1992).

In considering an equal protection challenge, we generally will presume the legislation at issue to be valid and will uphold the statute if the classification it draws is rationally related to a legitimate purpose. See City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 440 (1985). If, however, the statute employs a suspect class or burdens the exercise of a constitutional right, we exercise strict scrutiny review, upholding the statute only if it is narrowly tailored to serve a compelling state interest. See id. As Sheppard recognizes, § 53.1-232.1 does not classify on the basis of a suspect class. See Evans v. Thompson, 881 F.2d 117, 121 (4th Cir. 1989) (noting that death row prisoners "are not a suspect class for equal protection purposes"). Furthermore, defendants possess no constitutional right to file a petition for certiorari from the decision of this court denying habeas relief. See Netherland v. Tuggle, 515 U.S. 951, 952 (1995) (per curiam); Barefoot v. Estelle, 463 U.S. 880, 887-88 (1983). Therefore, § 53.1-232.1 is presumed to be valid if it is rationally related to a legitimate state interest.

In assessing whether § 53.1-232.1 is rationally related to a legitimate state interest, we must determine whether the goal the Commonwealth sought to advance was legitimate and "whether it was `reasonable for the lawmakers to believe that use of the challenged classification would promote that purpose.'" Smith Setzer & Sons, Inc. v. South Carolina Procurement Review Panel, 20 F.3d 1311, 1320 (4th Cir. 1994) (quoting Western & S. Life Ins. Co. v. State Bd. of Equalization, 451 U.S. 648, 668 (1981)). The Commonwealth undoubtedly possesses a legitimate state interest in the finality of its criminal judgments and in executing sentence on those determined by state law to be the most serious offenders. See Wood v. Bartholomew, 516 U.S. 1, 8 (1995) (per curiam). And, § 53.1-232.1 obviously furthers that interest by requiring that an execution date be set soon after the denial of habeas corpus relief by this court.

Nevertheless, Sheppard contends that § 53.1-232.1 is not rationally related to a legitimate state interest because the statute applies only to death row inmates and not to individuals who have been convicted of non-capital crimes. Further, Sheppard maintains that because capi-

5

tal punishment is a uniquely absolute punishment, any distinction to be drawn between capital and non-capital defendants should provide a greater opportunity for counsel carefully to prepare a capital defendant's petition for certiorari and for the Supreme Court fully to consider that petition. These arguments, however, are insufficient to sustain Sheppard's equal protection argument.

Capital and non-capital inmates are not similarly situated. Individuals who have been sentenced to serve a term of years in prison are in the process of serving their sentences during the direct and collateral review of their convictions and sentences. See Barefoot, 463 U.S. at 888. It is in their best interest to pursue relief as quickly as possible. But, the Commonwealth cannot impose the death sentence on those condemned to that punishment until, at the earliest, the conviction and sentence have been upheld at the completion of the direct review process. See id. For capital defendants, delay in pursuing each step of the direct and collateral review process works to their benefit, and to the detriment of the Commonwealth, by postponing imposition of sentence. See id. The Commonwealth reasonably could conclude that after the denial of habeas corpus relief by this court, further delay in imposition of sentence is unwarranted and that the time for imposition of sentence has come. See Calderon v. Thompson, 118 S. Ct. 1489, 1501 (1998) (explaining that when federal appeals court has denied habeas relief, "[a] States interests in finality are compelling," "the State is entitled to the assurance of finality," and the concept of "finality acquires an added moral dimension"). Additionally, the Supreme Court has recognized that capital defendants are not entitled to a stay of execution to permit them the full time in which to file a petition for certiorari or for Supreme Court review of that petition. See Tuggle, 515 U.S. at 951-52; Barefoot, 463 U.S. at 888-89. For these reasons, Sheppard's claim of a constitutional deprivation is without merit.*

_____

* In addition, the Commonwealth raises procedural bases to support its position that the district court should be affirmed. All three are without merit. First, Sheppard's action is not barred by the Eleventh Amendment, see U.S. Const. amend. XI, or, second, by the Rooker-Feldman doctrine, see District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). Lastly, because the constitutionality of § 53.1-232.1 was not relevant to

6

III.

For the reasons set forth above, we conclude that Va. Code Ann. § 53.1-232.1 does not violate Sheppard's right to equal protection. We grant the motion for expedited appeal and affirm the dismissal of Sheppard's action.

<u>AFFIRMED</u>

_____

whether Sheppard was entitled to a stay of execution or mandate under the standards set forth by the Supreme Court in <u>Barefoot</u>, we neither expressly nor impliedly rejected Sheppard's equal protection claim on the merits in ruling on Sheppard's November 1998 motion for a stay of execution and mandate pending certiorari. <u>See United States v. Bell</u>, 5 F.3d 64, 66 (4th Cir. 1993) (stating that the law of the case doctrine "compels compliance on remand with the dictates of a superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court").