Brian STECKEL, Defendant
Below, Appellant,

v.

STATE of Delaware, Plaintiff
Below, Appellee.

No. 109,2005.

Supreme Court of Delaware.

Submitted: Aug. 11, 2005.
Decided: Sept. 7, 2005.

Joseph M. Bernstein, Esquire, (argued) and John P. Deckers, Esquire, Wilmington, Delaware for Appellant.

Loren C. Meyers, Esquire, Department of Justice, Wilmington, Delaware for Appellee.

Before STEELE, Chief Justice, HOLLAND, BERGER, JACOBS, and RIDGELY, Justices, constituting the Court en Banc.

RIDGELY, Justice.

The defendant-appellant, Brian Steckel ("Steckel"), appeals from the Superior Court's denial of his second motion for post-conviction relief from his convictions and death sentences in a capital murder case. Steckel challenges the constitutionality of 11 *Del. C.* § 4209 ("Delaware's Death Penalty Statute"), and argues that the doctrine of severability requires the imposition of a sentence of life imprisonment without the benefit of probation or parole. He also claims other constitutional defects in the guilt and penalty phases of his trial. For the reasons discussed below, we agree with the Superior Court that Steckel's motion is procedurally barred. Accordingly, we affirm the Superior Court's denial of Steckel's motion for post-conviction relief.

## I.  Background

Steckel was convicted by a Superior Court jury of three counts of murder in the first degree, two counts of burglary in the second degree, unlawful sexual penetration first degree, unlawful sexual intercourse first degree, arson first degree and aggravated harassment. After a separate penalty hearing pursuant to 11 *Del. C.* § 4209(b)(1), the same jury found that the aggravating circumstances outweighed the mitigating circumstances by a vote of 11 to 1. The sentencing judge concurred with the jury's recommendation and sentenced Steckel to death on each of the three murder in the first degree convictions. This Court affirmed those convictions and death sentences in Steckel's automatic and direct appeal.[1]

Steckel subsequently filed a motion for post-conviction relief under Superior Court Criminal Rule 61, in which he alleged ineffective assistance of counsel. The Superior Court denied the motion[2] and this Court affirmed that decision.[3]

Steckel then filed a petition for habeas corpus pursuant to 28 *U.S.C.* § 2254 in the United States District Court for the District of Delaware. His petition, which alleged ineffective counsel, was denied.[4] Steckel then filed a motion to grant a certificate of appealability, which was denied by the United States Court of Appeals for the Third Circuit.

Steckel next filed a second Rule 61 motion for post-conviction relief in the Superior Court. The Superior Court denied his motion, because it was procedurally barred,[5] and this appeal followed.

1.  *See Steckel v. State,* 711 A.2d 5 (Del.1998).

2.  *See State v. Steckel,* 2001 WL 1486165, 2001 Del.Super. LEXIS 429.

3.  *See Steckel v. State,* 795 A.2d 651 (Del.2002).

4.  *See Steckel v. Carroll,* 2004 WL 825302, 2004 U.S. Dist LEXIS 6558 (D.Del.).

5.  *See State v. Steckel,* 2005 WL 488400, 2005 Del.Super. LEXIS 66.

## II. Discussion

Steckel claims that Delaware's Death Penalty Statute violates Article 1, Sections 4 and 7 of Delaware's Constitution; and the Sixth Amendment and the Due Process Clause of the Fourteenth Amendment of the United States Constitution. He relies upon the United States Supreme Court decision in *Ring v. Arizona*.[6] In *Ring* the U.S. Supreme Court held that capital defendants are entitled to a jury determination of any fact upon which the legislature conditions an increase in their maximum punishment.

■ Steckel's argument has two parts. He argues that the sentencing judge's instructions misled the jury into believing that their decision on the existence of a statutory aggravating factor at the penalty phase, would be treated as a recommendation rather than as a final determination. That, he contends, was contrary to *Caldwell v. Mississippi*.[7] Steckel further argues that the sentencing judge improperly directed the jury to find, in the penalty phase, the statutory aggravating factor that he committed the murder while engaged in the commission of unlawful sexual intercourse and/or arson,[8] because the jury had already found him guilty on two counts of felony murder. Steckel contends

that directed finding was contrary to *Sandstrom v. Montana*.[9] Steckel claims that these instructions make Delaware's Death Penalty Statute unconstitutional, and that the doctrine of severability requires that his death sentence be vacated and that a life sentence be imposed. All of these arguments were raised for the first time in Steckel's second motion for post-conviction relief.

■ We generally review the denial of a Rule 61 motion for post-conviction relief for abuse of discretion.[10] We review claims challenging the constitutionality of a statute *de novo*,[11] however. A threshold issue for this Court, which also was decided by the Superior Court, is whether Steckel's motion for post-conviction relief satisfies the procedural requirements of Rule 61.[12]

We begin by addressing Rule 61(i)(1), which requires that a motion for post-conviction relief be filed within three years of final judgment.[13] Because there was an automatic and direct appeal in this case, Steckel's convictions became final when the mandate was issued at the conclusion of his direct appeal.[14] Because this Court's mandate was filed on June 10, 1998, the three year time limit expired on

6. 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002).

7. 472 U.S. 320, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985). In *Caldwell*, the United States Supreme Court held that "it is constitutionally impermissible to rest a death sentence on a determination made by a sentencer who has been led to believe that the responsibility for determining the appropriateness of the defendant's death rests elsewhere." *Id.* at 329–30, 105 S.Ct. 2633.

8. DEL. CODE ANN. tit. 11, § 4209(e)(1)(j) (2005).

9. 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979). In *Sandstrom*, the United States Supreme Court provided that "verdicts may not

be directed against defendants in criminal cases." *Id.* at 516 n. 5, 99 S.Ct. 2450.

10. *Wilson v. State*, 834 A.2d 68, 72 (Del.2003) (citing *MacDonald v. State*, 778 A.2d 1064, 1070 (Del.2001); *Dawson v. State*, 673 A.2d 1186, 1190 (Del.1996)).

11. *Thomas v. State*, 725 A.2d 424, 427 (Del. 1999) (citing *Abrams v. State*, 689 A.2d 1185, 1187 (Del.1997)).

12. *Bailey v. State*, 588 A.2d 1121, 1127 (Del. 1991).

13. DEL. SUPER. CT. CRIM. R. 61(i)(1).

14. *Id.* at 61(m)(2).

June 10, 2001. Steckel's second Rule 61 motion for post-conviction relief was not filed until May 10, 2004. Therefore, it was untimely. There is an exception in Rule 61(i)(1) for motions that assert "a retroactively applicable right that is newly recognized after the judgment of conviction becomes final [if filed] within three years after the right is first recognized by this Court or the United States Supreme Court."[15] Steckel argues that this exception applies to his motion.

None of Steckel's claims fit within this exception. Steckel's *Caldwell* and *Sandstrom* claims do not, because the rights explicated in those cases were recognized long before Steckel's judgment of conviction became final. Steckel's claim under *Ring* does not fall under this exception because the United States Supreme Court held in *Schriro v. Summerlin* that *Ring* "does not apply retroactively to cases already final on direct review."[16] Steckel's case was "already final on direct review" before *Ring* was decided. Therefore, his motion does not assert a retroactive right.

Steckel contends that the issue of retroactivity is, nevertheless, moot because in *Zebroski v. State,*[17] this Court addressed the merits of a defendant's *Ring* claim, even though the defendant's conviction had become final before *Ring.*[18] Steckel's argument is not persuasive. *Zebroski* does not support the position that the merits of a *Ring* claim must be addressed. At the time *Zebroski* was decided the issue of the retroactivity of *Ring* was unsettled and, therefore, this Court chose to address the issue. In *Summerlin,* the U.S. Supreme Court settled the issue definitively, and it now is clear that *Ring* does not apply retroactively. The procedural bar of Rule 61(i)(1) applies to Steckel's motion, and the exception for a retroactively applicable right does not.

■ A second procedural bar also applies to Steckel's motion. Steckel concedes that his *Ring, Caldwell* and *Sandstrom* arguments were not raised at his penalty hearing, in his direct appeal or in his first motion for post-conviction relief. Steckel's claims are subject to the procedural bar set forth in Rule 61(i)(2), which precludes consideration of "[a]ny ground for relief that was not asserted in a prior post-conviction proceeding, ... unless consideration of the claim is warranted in the interest of justice."[19] Steckel has not shown that consideration of these claims is warranted in the interest of justice.

■ Steckel argues that these procedural bars are inapplicable under Rule 61(i)(5) for the reason that he has raised "a colorable claim that there was a miscarriage of justice because of a constitutional violation that undermined the fundamental legality, reliability, integrity or fairness of the proceedings leading to the judgment of conviction."[20] Steckel bears the burden of establishing "a colorable claim that there was a miscarriage of justice."[21] He has not done so. As previously explained, *Ring* does not apply retroactively to cases, such as Steckel's, that were already final on direct review. In *Flamer v. State,* this Court stated that "[a] postconviction relief court need apply only the constitutional

15. *Id.* at 61(i)(1).

16. *Schriro v. Summerlin,* 542 U.S. 348, 124 S.Ct. 2519, 2526–27, 159 L.Ed.2d 442 (2004).

17. 822 A.2d 1038 (Del.2003).

18. *Id.* at 1051.

19. DEL. SUPER. CT. CRIM. R. 61(i)(2).

20. *Id.* at 61(i)(5).

21. *State v. Trump,* 2004 WL 2827958, at *2, 2004 Del.Super. LEXIS 285, at *5.

standards that prevailed at the time the original proceedings took place."[22] Steckel has not shown a violation of any then-applicable constitutional standards.[23]

■■■■ Nor was the Superior Court required to consider Steckel's *Caldwell* claim under Rule 61(i)(5). Contrary to Steckel's position, the jury was not misinformed about its responsibility in sentencing. The jury instruction at issue here was substantially similar to the instruction given in *Cabrera v. State*,[24] where this Court rejected the same argument now raised by Steckel.[25] Likewise, the Superior Court was not required to consider Steckel's *Sandstrom* claim under Rule 61(i)(5). Under 11 *Del. C.* § 4209(e)(2), "where the defendant has been convicted of murder in the first degree in violation of any provision of § 636(a)(2)-(7) of this title, that conviction shall establish the existence of a statutory aggravating circumstance and the jury, or judge where appropriate, shall be so instructed."[26] Steckel complains that an instruction made pursuant to this provision is unconstitutional. He argues that because *Ring* requires the jury to determine the facts that make a defendant death eligible, the sentencing judge's instruction to the jury to return a verdict in favor of the State violated the rule announced in *Sandstrom*. That claim is not colorable. The jury instruction at issue here was substantially similar to the instruction given in *Brice v. State*,[27] where this Court rejected the same argument now raised by Steckel.[28]

For all of these reasons, the Superior Court correctly decided that Steckel's second motion for postconviction relief is procedurally barred. Steckel has not shown that the procedural bars of Rule 61 are inapplicable.

## III. Conclusion

Accordingly, the judgement of the Superior Court is AFFIRMED.

---

22. 585 A.2d 736, 749 (Del.1990).

23. Although we find that the procedural bars of Rule 61 preclude consideration of Steckel's motion on the merits, we note that this Court has held that "Delaware's hybrid form of sentencing, allowing the jury to find the defendant death eligible and then allowing a judge to impose the death penalty once the defendant is found to be death eligible, is not contrary to the Sixth Amendment of the United States Constitution as construed in *Apprendi* and *Ring*." *See Ortiz v. State*, 869 A.2d 285, 302 (Del.2005).

24. 840 A.2d 1256 (Del.2004).

25. *See id.* at 1272–74 (rejecting an argument that there was a *Caldwell* violation because the jury was allegedly misled about its role and was allegedly not informed that a guilty verdict during the guilt phase of the proceeding would bind its finding of the existence of a statutory aggravating circumstance during the penalty phase of the proceeding).

26. DEL. CODE ANN. tit. 11, § 4209(e)(2) (2005).

27. 815 A.2d 314 (Del.2003).

28. *See id.* at 322–23 (holding that "an instruction given by a sentencing judge pursuant to 11 *Del. C.* § 4209(e)(2) did not unconstitutionally establish a conclusive presumption or obviate the requirement that the State prove the aggravators beyond a reasonable doubt ... [and this] reasoning ... is unchanged by the holding in *Ring*.").