Brian STECKEL, Defendant Below, Appellant,

v.

STATE of Delaware, Plaintiff Below, Appellee.

No. 502,2005.

Supreme Court of Delaware.

Submitted: Oct. 19, 2005.
Decided: Oct. 21, 2005.

Joseph M. Bernstein, Esquire and John P. Deckers, Esquire, Wilmington, Delaware, for appellant.

Loren C. Meyers, Esquire, Department of Justice, Wilmington, Delaware, for appellee.

Before STEELE, Chief Justice, HOLLAND, BERGER, JACOBS and RIDGELY, Justice, constituting the Court en Banc.

HOLLAND, Justice.

The defendant-appellant, Brian Steckel, by and through his attorneys, Joseph M. Bernstein, Esquire and John P. Decker, Esquire, has applied to this Court, pursuant to Supreme Court Rule 35(e), for a stay of execution of the appellant's death sentence that is set for Friday, November 4, 2005. We have decided to deny that motion. The background of this litigation and the reasons for our decision are set forth in this opinion.

### Trial and Direct Appeal

On October 2, 1996, following a jury trial in New Castle County, Steckel was con- victed on three counts of Murder in the First Degree ("intentional" murder and two counts of "felony murder"), two counts of Burglary in the Second Degree, one count of Arson in the First Degree, one count of Unlawful Sexual Intercourse in the First Degree, one count of Unlawful Sexual Penetration in the First Degree, and one count of Aggravated Harassment. After a penalty hearing, the jury found, by a vote of eleven to one, that the aggravating circumstances in the case outweighed the mitigating circumstances in the case. On January 8, 1997, the Superior Court imposed a sentence of death for each of the three Murder in the First Degree convictions, and sentenced Steckel to life plus thirty-six years in prison on the balance of the charges. On May 22, 1998, following Steckel's direct appeal, this Court affirmed both the convictions and death sentences.[1]

### First State Postconviction Motion Denied

On June 19, 1998, the Superior Court granted a stay of execution to allow Steckel the opportunity to file and litigate an application for postconviction relief. On December 16, 1998, Steckel filed a Motion for Postconviction Relief pursuant to Superior Court Criminal Rule 61. Steckel filed an Amended Rule 61 Motion on March 16, 1999. The principal claims in the Amended Motion were the ineffectiveness of his trial counsel in preparing both the guilt and penalty phases of the trial.

Following a series of evidentiary hearings, Steckel eventually limited his argument to a single claim of ineffectiveness in preparing the mitigation case at the penalty hearing. The Superior Court rejected Steckel's claim of ineffective assistance of counsel in a written opinion dated August

1. *Steckel v. State,* 711 A.2d 5 (Del.1998).

31, 2001.[2] Steckel appealed that Rule 61 decision. On April 11, 2002, this Court affirmed the Superior Court's denial of postconviction relief under Rule 61.[3]

### Federal Habeas Corpus Denied

On May 16, 2002, Steckel filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 in the United States District Court for the District of Delaware. On April 13, 2004, the District Court dismissed Steckel's Petition under 28 U.S.C. § 2254 and declined to issue a Writ of Habeas Corpus.[4] The District Court also declined to issue a certificate of appealability under 28 U.S.C. § 2253(c)(2). The District Court ordered a stay of execution pending the disposition of any appellate review. On May 5, 2004, Steckel timely appealed the District Court's Opinion and Order to the United States Court of Appeals for the Third Circuit. On June 3, 2004, Steckel moved the Court of Appeals to issue a certificate of appealability. Steckel's request was denied on November 9, 2004.

### Second State Postconviction Motion Denied

On May 10, 2004, Steckel filed a second Motion for Postconviction Relief pursuant to Superior Court Criminal Rule 61. Steckel's Second Rule 61 Motion challenged the constitutionality of Delaware's death penalty law,[5] in effect at the time of Steckel's trial and conviction. The Superior Court rejected Steckel's second application for postconviction relief in a written opinion dated February 28, 2005.[6] On March 21, 2005, Steckel filed a timely appeal to this Court from the denial of his Second Rule 61 Motion. On September 7, 2005, this Court affirmed the decision of the Superior Court to deny Steckel's second motion for postconviction relief under Rule 61.[7]

### Superior Court Denies Stay

Having received a mandate from this Court on September 30, 2005, the Superior Court ordered an execution date of November 4, 2005. Steckel asked the Superior Court to stay his execution because he intends to file a Petition for Writ of Certiorari in the United States Supreme Court from this Court's September 7, 2005 decision. Under Superior Court Criminal Rule 61(1)(7), the Superior Court is not permitted to entertain an application to stay an execution date for purposes of subsequent postconviction proceedings. Accordingly, the Superior Court denied Steckel's motion for a stay.

### Jurisdiction

Steckel's attorneys filed a Notice of Appeal from the Superior Court's October 14, 2005 denial of the Motion for Stay of Execution. Steckel's attorneys also filed the present motion. This Court has jurisdiction to entertain this motion under Supreme Court Rule 35(e) and Superior Court Criminal Rule 61(1)(7).

### Reason Stay Requested

According to Steckel's attorneys, they intend to file a Petition for Writ of Certiorari in the United States Supreme Court. The issue which they represent will be raised in the Petition for Writ of Certiorari

2. *State v. Steckel*, 2001 WL 1486165, 2001 Del.Super. LEXIS 429 (Del.Super.Ct.).

3. *Steckel v. State*, 795 A.2d 651 (Del.2002).

4. *Steckel v. Carroll*, 2004 WL 825302, 2004 U.S. Dist. LEXIS 6558 (D.Del.).

5. Del.Code Ann. tit. 11, § 4209 (1996).

6. *State v. Steckel*, 2005 WL 488400, 2005 Del.Super. LEXIS 66 (Del.Super.).

7. *Steckel v. State*, 882 A.2d 168 (Del.Supr.).

is whether the Delaware statutory provisions for imposing the death penalty that were in effect at the time of Steckel's trial and sentencing are facially unconstitutional, in that they deprived Steckel of his rights under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, section 4 and Article I, section 7 of the Constitution of the State of Delaware. According to Steckel's attorneys, the specific question to be presented by them for review by the United States Supreme Court is whether this Court's application of *Ring v. Arizona*[8] is consistent with the holding in *Caldwell v. Mississippi.*[9]

### Caldwell Claim Procedurally Barred

When Steckel filed his second motion for state postconviction relief, he argued that his death sentence was imposed in violation of *Ring.*[10] In that motion, Steckel also claimed that the jury was not instructed that they would be determining the existence of a statutory aggravating circumstance during the guilt-innocence phase of the trial, contrary to the holding in *Caldwell.*[11] The Superior Court denied that motion. On appeal, this Court affirmed and held that Steckel's claims were procedurally barred by Criminal Rule 61(i)(1) and (2).[12]

### Caldwell Claim Merits Rejected

In deciding that Steckel was not entitled to relief from the procedural bar of Rule 61(i)(2) "in the interests of justice," however-

er, we addressed the merits of Steckel's *Caldwell* claim:

Nor was the Superior Court required to consider Steckel's *Caldwell* claim under Rule 61(i)(5). Contrary to Steckel's position, the jury was not misinformed about its responsibility in sentencing. The jury instruction at issue here was substantially similar to the instruction given in *Cabrera v. State[*, 840 A.2d 1256 (Del.2004) ], where this Court rejected the same argument now raised by Steckel. Likewise, the Superior Court was not required to consider Steckel's *Sandstrom[ v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1079) ] claim under Rule 61(i)(5). Under 11 *Del. C.* § 4209(e)(2), "where the defendant has been convicted of murder in the first degree in violation of any provision of § 636(a)(2)-(7) of this title, that conviction shall establish the existence of a statutory aggravating circumstance and the jury, or judge where appropriate, shall be so instructed." Steckel complains that an instruction made pursuant to this provision is unconstitutional. He argues that because *Ring* requires the jury to determine the facts that make a defendant death eligible, the sentencing judge's instruction to the jury to return a verdict in favor of the State violated the rule announced in *Sandstrom*. That claim is not colorable. The jury instruction at issue here was substantially similar to the instruction given in *Brice v. State*, where this Court rejected the same argument now raised by Steckel.[13]

8. See *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002); *Brice v. State*, 815 A.2d 314 (Del.2003).

9. *Caldwell v. Mississippi*, 472 U.S. 320, 328–29, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985).

10. *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002).

11. *Caldwell v. Mississippi*, 472 U.S. 320, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985).

12. *Steckel v. State*, 882 A.2d 168, 171 (Del. 2005).

13. *Steckel v. State*, 882 A.2d at 172 (footnotes omitted).

### Execution Stay Denied

 There is no automatic stay of execution, even in capital cases, simply because Steckel intends to file a Petition for Writ of Certiorari with the United States Supreme Court.[14] The standard for the issuance of a stay is well settled. Steckel must establish: (1) a reasonable probability that four Justices will vote to grant the petition for certiorari; (2) there is a significant possibility that the decision of this Court would be reversed; (3) there is a likelihood of irreparable harm in the absence of a stay; and (4) a stay is in the public interest.[15] If it is unlikely that four Justices would vote to grant the petition and the decision of this Court would be reversed, there is no basis for a stay.[16]

 This Court rejected Steckel's *Caldwell* claims on state procedural grounds, holding that they were barred by Criminal Rule 61(i)(1) and (2). In doing so, we also rejected Steckel's *Caldwell* claims on the merits. Generally, the resolution of a case on state procedural grounds is deemed a proper basis to deny review by the United States Supreme Court.[17] In addition, however, Steckel has not identified a conflict between the decision of this Court and those of other state or federal courts. Accordingly, there is no reason to think that four Justices will vote to grant Steckel's petition or that reversal of the decision of this Court's most recent decision is a significant possibility.

Consequently, Steckel's motion for a stay of execution of his death sentence is denied. The mandate shall issue immediately.

---

14. *Netherland v. Tuggle,* 515 U.S. 951, 952, 116 S.Ct. 4, 132 L.Ed.2d 879 (1995); *Autry v. Estelle,* 464 U.S. 1, 2, 104 S.Ct. 20, 78 L.Ed.2d 1 (1983).

15. *E.g., Netherland v. Tuggle,* 515 U.S. at 952, 116 S.Ct. 4; *Maggio v. Williams,* 464 U.S. 46, 48, 104 S.Ct. 311, 78 L.Ed.2d 43 (1983); *Autry v. Estelle,* 464 U.S. at 2, 104 S.Ct. 20; *Barefoot v. Estelle,* 463 U.S. 880, 895–96, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983).

16. *Maggio v. Williams,* 464 U.S. at 48–49, 104 S.Ct. 311; *Autry v. Estelle,* 464 U.S. at 2–3, 104 S.Ct. 20; *White v. Florida,* 458 U.S. 1301, 1302, 103 S.Ct. 1, 73 L.Ed.2d 1385 (1982) (Powell, Circuit Justice).

17. *E.g., Sochor v. Florida,* 504 U.S. 527, 533–34 & n. *, 112 S.Ct. 2114, 119 L.Ed.2d 326 (1992).