No. 89–5503.   LYNN v. ALABAMA.   Ct. Crim. App. Ala.   Certiorari denied.

JUSTICE MARSHALL, with whom JUSTICE BRENNAN joins, dissenting.

Adhering to my view that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, *Gregg* v. *Georgia*, 428 U. S. 153, 231 (1976) (MARSHALL, J., dissenting), I would grant the petition for certiorari and vacate the death sentence in this case.   Even if I did not hold this view, I would grant the petition to determine whether a prosecutor's reliance on a nonracial criterion in exercising his peremptory jury challenges violates the Equal Protection Clause where that criterion is highly correlated to race and the

bias that the prosecutor seeks to exclude through the use of that criterion could easily have been discovered on *voir dire*.

Petitioner Frederick Lynn, an Afro-American, was convicted of murder by an all-white jury and sentenced to death. During *voir dire*, the prosecutor exercised 11 of his 14 peremptory challenges to remove all of the potential Afro-American jurors. The crime occurred in Barbour County, Alabama, a small community with approximately equal white and Afro-American populations. General Population Characteristics, Alabama, Census of Population 2–15 (1980) (13,693 whites, 11,003 Afro-Americans). Certain neighborhoods within the community are populated predominately by people of color.

While Lynn's appeal was pending, this Court lowered the threshold showing required for a criminal defendant to establish a prima facie case of purposeful discrimination in jury selection. *Batson* v. *Kentucky*, 476 U. S. 79, 97 (1986). To make out such a case, a defendant must establish first that he is a member of a cognizable racial group and that the prosecutor has acted to remove members of that group from the venire; second, that the procedure used by the State permits those "who are of a mind to discriminate" to do so; and third, that the facts and circumstances of the case raise the inference that the State acted in a discriminatory manner. *Id.*, at 96. To rebut a prima facie case of racial discrimination, the prosecutor must offer a "'clear and reasonably specific' explanation of his 'legitimate reasons' for exercising the challenges." *Id.*, at 98, n. 20 (quoting *Texas Dept. of Community Affairs* v. *Burdine*, 450 U. S. 248, 258 (1981)). We subsequently determined that the ruling in *Batson* applies retroactively to state convictions pending on direct review at the time of the *Batson* decision. *Griffith* v. *Kentucky*, 479 U. S. 314 (1987).

The Alabama Court of Criminal Appeals remanded Lynn's case to the trial court to conduct an evidentiary hearing on his *Batson* claim. At that hearing, the prosecutor gave a juror-by-juror explanation of his peremptory strikes. The prosecutor stated that he exercised his fourth strike to exclude an Afro-American juror that "live[d] on the Gammage Road in an area where the defendant, Frederick Lynn, was living at the time of this crime, and also where . . . the defendant's grandmother and aunt . . . have lived for numerous years. I felt that friendship would possibly be there that would bias [the juror], and for that reason struck him."

App. 5 to Pet. for Cert. 7. The prosecutor indicated that he struck another juror on similar grounds:

> "She also lives on Gammage Road and was a neighbor to [defendant's grandmother] and also [defendant's aunt], and also was living in close proximity to the defendant who was living with his grandmother and aunt at the time of the crime. We felt the *possibility* of knowing these people might affect her fairness, and for that reason we struck her." *Id.*, at 11 (emphasis added).

On cross-examination, the prosecutor stated that the area along Gammage Road is populated primarily by people of color. *Id.*, at 20.

The trial court determined that these explanations rebutted petitioner's prima facie case of discrimination in jury selection. The Alabama Court of Criminal Appeals, applying a "clear error" standard to the trial court's determination, affirmed in a split decision. *Ex parte Lynn*, 543 So. 2d 709 (Ala. 1988).

In a small community with racially identifiable neighborhoods, an individual's address closely corresponds to his or her race. In this case, the prosecutor justified two of his strikes on the possibility that the challenged venirepersons "might" have known persons connected with or interested in the trial merely because they lived in the same neighborhood. Yet the prosecutor did not ask these potential jurors whether they *actually* knew anyone involved in the trial, although he had ample opportunity to do so on *voir dire*. Such an inquiry is a standard part of *voir dire* practice. In fact, if the prosecutor's true concern was the challenged jurors' familiarity with persons interested in the trial's outcome, he could have established the validity of that concern and struck such jurors for *cause*, preserving the State's peremptory strikes. His failure to do so suggests that the proxy for bias on which he actually relied was not place of residence but race.

Mere place of residence, or any other factor closely related to race, should not be regarded as a legitimate basis for exercising peremptory challenges without some corroboration on *voir dire* that the challenged venirepersons actually entertain the bias underlying the use of that factor. This is true particularly when, as in this case, the prosecutor can easily ascertain the existence of the alleged bias without use of the overly broad proxy for bias.

To hold otherwise would render *Batson*'s protections against race discrimination in jury selection illusory.

Accordingly, I would find that the prosecutor's uncorroborated suspicions of bias on the part of two challenged venirepersons insufficient to rebut the prima facie case of discrimination in this case. A *Batson* violation occurs when a prosecutor strikes *any* juror on the basis of race. *Batson, supra,* at 99, n. 22 ("The standard we adopt under the Federal Constitution is designed to ensure that a State does not use peremptory challenges to strike any black juror because of his race"). I dissent.