JAMES H. FAULKNER, Retired Justice.
Lonnie Earl Reynolds was indicted for the unlawful distribution of marijuana, in violation of § 13A-12-211, Code of Alabama 1975. The jury found Reynolds guilty as charged in the indictment, and he was sentenced to three years in the penitentiary, with an additional five years’ imprisonment for selling drugs within one mile of a school. Two issues are raised on appeal.
I
Reynolds contends that the evidence presented by the State was insufficient to support the jury’s verdict.
In cases challenging the sufficiency of the evidence, this court must consider the evidence in the light most favorable to the prosecution and will not substitute its judgment for that of the finder of fact. Brandon v. State, 542 So.2d 1316 (Ala.Cr.App.1989). Conflicting evidence, moreover, presents a question for the finder of fact, and a verdict rendered thereon will not be disturbed on appeal. Ogle v. State, 548 So.2d 499 (Ala.Cr.App.1988).
The test to be applied is whether the jury might reasonably find the evidence excluded every reasonable hypothesis except that of guilt; not whether such evidence excludes every reasonable hypothesis but guilt but whether a jury might reasonably so conclude. Dolvin v. State, 391 So.2d 133 (Ala.1980).
Under § 13A-12-211, Code of Alabama 1975, a person commits the crime of unlawful distribution of a controlled substance if he “sells, furnishes, gives away, manufactures, delivers or distributes” a controlled substance without authorization.
Michael Todd Lee, an Alcoholic Beverage Control Board agent with the State of Alabama, testified that on November 22, 1988, he went to work at the Franklin Hardwood plant in his undercover capacity as a night watchman. According to Lee, at approximately 6:30 p.m. on the evening of November 22, 1988, Lee asked the shift supervisor Scott Norman if Norman had any marijuana on him and Norman replied that he did not. Lee further testified that Norman told him that Norman knew somebody that might be able to get Lee some marijuana if Lee wanted it, and Lee told Norman that that would be okay. According to Lee, later that evening in the break room Lee saw Norman leave the break room to talk to Reynolds for several minutes and that Norman returned to the break room and told Lee that “Big Earl” could get some marijuana if that was what Lee wanted. Lee further testified that *386 Norman told Lee that a quarter bag would be $35.00 and that Lee gave Norman $35.00 in marked currency and told Norman that that was what Lee wanted to do.
According to Lee, Norman then took the money to Reynolds, and Lee saw Reynolds take the money from Norman. Lee then saw Reynolds leave the work area, get into his car, and drive away from the plant. Lee made a note of the tag number of the car in which Reynolds left the plant, and the tag number was 37AB454.
Lee further testified that about 7:05 p.m. that evening, Reynolds returned to the plant in the same car in which he had previously left and returned to his work area. According to Lee, Lee then walked out of the break room into the work area because Lee saw Norman approach Reynolds. Lee testified that the work area was well lighted, that Lee was approximately 17 feet away from Norman and Reynolds, and that nothing was blocking Lee’s vision. Lee further testified that he then saw Reynolds hand Norman a plastic bag and that after Norman got the bag from Reynolds, Norman told Lee to follow him into the office. According to Lee, Norman walked up to a desk, dropped the plastic bag on the desk, and watched Lee’s reaction. Lee testified that he approached the desk, examined the plastic bag’s contents, smelled the contents of the bag to make sure it smelled like marijuana, rolled the bag up, and put the bag in his pocket. Lee further testified that in his opinion, the bag contained marijuana. According to Lee, after the exchange took place, Norman went about his business, and Reynolds went about his business.
Lee further testified that he took the plastic bag home, sealed the evidence in an envelope, initialed the envelope, taped the envelope, placed the sealed envelope in his briefcase and locked the briefcase, and subsequently turned the envelope over to Agent John Crawford.
The State’s evidence further revealed that John Crawford delivered the sealed envelope to the forensics lab in Enterprise; that forensics expert Joe Saloom examined the evidence contained in the sealed envelope and conducted a chemical test; and that, in Saloom’s opinion, the plant material in the plastic bag was marijuana.
We hold that the evidence in this case, when viewed in a light most favorable to the prosecution, was clearly sufficient to establish a prima facie case of the unlawful distribution of a controlled substance under § 13A-12-211, Code of Alabama 1975. The basis of criminal liability under § 13A-12-211 is Reynolds’s participation in the sale of the marijuana to Lee; it is not necessary that Reynolds actually physically transfer the marijuana to Lee. Jackson v. State, 582 So.2d 598, 602 (Ala.Cr.App.1991). Hence, because ample evidence was presented that established Reynolds's participation in the sale by “furnishing” the marijuana that was transferred to the undercover agent, the evidence was clearly sufficient to support the conviction. See Greenwald v. State, 579 So.2d 38, 39 (Ala.Cr.App.1991) (“furnish” means to supply by any means).
II
Reynolds contends that the trial court’s oral charge to the jury on “reasonable doubt” was erroneous based upon the Supreme Court’s holding in Cage v. Louisiana, 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990).
The record reveals that Reynolds indicated that he did not have any prepared written requested instructions. The record does not indicate that Reynolds made any objections after the court’s oral charge to the jury. It is the defendant’s burden to advise the trial judge of objections to the jury charge, stating his grounds before the jury retires. Hagood v. State, 588 So.2d 526 (Ala.Cr.App.1991), cert. denied, — U.S. -, 112 S.Ct. 1943, 118 L.Ed.2d 548 (1992). Hence, because Reynolds did not object to the court’s oral charge, this issue is not preserved for appellate review.
*387 The judgment of firmed. the circuit court is af-
The foregoing opinion was prepared by the Honorable JAMES H. FAULKNER, a former Alabama Supreme Court Justice, and his opinion is hereby adopted as that of this court.
AFFIRMED.
All Judges concur.