MONTIEL, Judge.
The appellant, Otto Bennett, was found guilty by a jury of violating § 13A-11-72, Code of Alabama 1975, and was sentenced to three years’ imprisonment.
The only issue raised in this appeal is whether the State’s striking of two black prospective jurors from the jury venire violated Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Batson forbids the prosecutor from challenging potential jurors solely on account of their race. Once the defendant makes a prima facie showing of an inference of discrimination, the burden shifts to the State to provide racially neutral explanations for challenging black jurors. Batson, 476 U.S. at 97, 106 S.Ct. at 1723.
On appeal, the trial court’s determination as to whether the defendant has established a prima facie case of racial discrimination is to be accorded great deference. Ex parte Lynn, 543 So.2d 709 (Ala.1988), cert. denied, Lynn v. Alabama, 493 U.S. 945, 110 S.Ct. 351, 107 L.Ed.2d 338 (1989); See also Strong v. State, 538 So.2d 815 (Ala.Crim.App.1988). This Court will reverse the trial court’s determination that the State’s peremptory challenges were not motivated by intentional discrimination only if that determination is *428 clearly erroneous. Ex parte Branch, 626 So.2d 609, 625 (Ala.1987).
In the present ease, only two of the State’s peremptory challenges are in dispute. The first black veniremember challenged by the State was potential juror number 35, a male who answered during voir dire that he was personally acquainted with the defendant and that he lived in the defendant’s neighborhood. We have held that being acquainted with the defendant is a race-neutral reason for the State’s exercise of a peremptory challenge. Strother v. State, 587 So.2d 1243, 1246-47 (Ala.Crim.App.1991).
The State’s other peremptory challenge was used to remove potential juror number 17, who was asserted to be the aunt of an individual sent to the penitentiary by the State. In addition, it was asserted that some of her relatives had been prosecuted by the same prosecutor representing the State in the appellant’s trial. These have been held to be race-neutral reasons. Bass v. State, 585 So.2d 225 (Ala.Crim.App.1991); Harris v. State, 545 So.2d 146, 147-48 (Ala.Crim.App.1988); Johnson v. State, 512 So.2d 819, 821 (Ala.Crim.App.1987).
Because the prosecution’s reasons for striking the two black veniremembers are racially neutral, the trial court’s determination was not clearly erroneous. Therefore, the judgment of the trial court is affirmed.
AFFIRMED.
All the Judges concur.