McMillan, judge.
The appellant, Ardis Tyrone Temmis, was convicted of murder, in violation of § 13A-6-2, Code of Alabama 1975. He was sentenced to life imprisonment, was ordered to pay a $3,336 fine, and was ordered to pay $100 to the crime victims’ compensation fund. Additionally, the appellant was ordered to pay $3,336 to the wife of the victim for burial expenses, and $4,570.75 to Connecticut General Life Insurance Company for reimbursement of proceeds it paid to Southeast Alabama Medical Center for services rendered to the victim.
The appellant argues that the trial court erred in denying his motion made pursuant to Batson v. Kentucky, 476 U.S. 79,106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), which alleged that the State used peremptory challenges to strike black veniremembers in a racially discriminatory manner.
The record reveals that the trial court determined that the appellant failed to establish a prima facie showing of discrimination because less than 25 percent of the venire had been black and the jury was approximately 33 percent black. See Hood v. State, 598 So.2d 1022, 1023 (Ala.CrApp.1991); Ex parte Harrell, 571 So.2d 1270, 1271-72 (Ala. 1990), cert. denied, 499 U.S. 984, 111 S.Ct. 1641, 113 L.Ed.2d 736 (1991). Before so holding, the trial court asked the prosecutor when, during the striking process, he had used his strikes against blacks. The prosecutor responded that he had struck the blacks early in the striking process and then told the trial court why he did so. Specifically, the prosecutor offered the following explanation of his “strategy” for striking the jury:
“And I used these strikes in this manner because I felt that [defense counsel] would not take any blacks off of the jury.... I was striking these jurors, including the black jurors first, because they were people I was certain that the defense would not strike. I had some people that I wanted to strike who were white people, but I felt that [defense counsel] would go ahead and strike those himself if I just held off on striking these people myself. And, therefore, in effect, give me more available strikes to use against jurors that I did not want to sit on this jury.... And that was one of the reasons that I exercised so many of my early strikes against black jurors, because there was no one else to strike.”
The record further reveals that although the prosecutor gave his reasons for striking certain white veniremembers, he never gave his reasons for striking black venire-members.
Because the “strategy” of the prosecutor indicated a race-consciousness that should have not been overlooked in determining whether a prima facie case of racial discrimination existed, the trial court should have required the prosecutor to explain his reasons for striking the black members of the venire.
This cause is therefore remanded for a Batson hearing. Return of the findings re- *953 suiting from the hearing shall be made to this court -within 90 days of the release of this opinion.
REMANDED WITH INSTRUCTIONS.
All Judges concur.