ON RETURN TO REMAND
This Court remanded this cause to the trial court "with instructions that the trial court rewrite its specific written findings so that they comply with the requirements of §13A-5-47(d). Specifically, the trial court [was instructed to] enter specific written findings concerning the existence or nonexistence of each aggravating circumstance enumerated in section 13A-5-49 and each mitigating circumstance enumerated in section 13A-5-51." Taylor v. State, 666 So.2d 36
(Ala.Cr.App. 1994) (emphasis in original). The trial court has conscientiously complied with those directions and has submitted a sentencing order satisfying the statutory requirements.
Pursuant to Rule 45A, A.R.App.P., we have searched the entire proceedings under review and found no plain error or defect that has or probably has adversely affected any substantial right of the appellant. We have also reviewed the propriety of the sentence of death as required by Ala. Code 1975, §13A-5-53(a). It is the finding of this Court that there is no error in the sentencing proceedings adversely affecting the rights of the appellant.
The trial court found the existence of two aggravating circumstances: that the capital offense was committed during the commission of robbery in the first degree, § 13A-5-49(4); and that the capital offense was especially heinous, atrocious, or cruel compared to other capital offenses, § 13A-5-49(8).
The trial court found the existence of two statutory mitigating circumstances: that the appellant has no significant history of prior criminal activity, § 13A-5-51(1) and the age (19 years) of the appellant at the time of the offense, §13A-5-51(7). The trial court also found the existence of the following nonstatutory mitigating circumstances:
"1. Love of his family for the Defendant.
2. Love of his friends for the Defendant.
3. The Defendant's admitted guilt.
 4. The Defendant's life and behavior for almost twenty (20) years prior to the commission of the crime.
5. The Defendant's good school behavior.
6. Evidence of the Defendant's prior good works."
It is the finding of this Court that the trial court's findings concerning the aggravating *Page 73 
and mitigating circumstances are supported by the record.[1]
It is the finding of this Court that death is the proper sentence in this case. There is no indication that the sentence of death was imposed under the influence of passion, prejudice, or any other arbitrary factor. Our independent weighing of the aggravating and mitigating circumstances indicates that death is the proper sentence. The sentence of death in this case is neither excessive nor disproportionate to the penalty imposed in similar cases, considering both the crime and the appellant.
The judgment of the circuit court is affirmed.
OPINION EXTENDED;
AFFIRMED.
All Judges concur.
[1] This Court does not address whether circumstances numbered 1 and 2, love of family and friends for the appellant, could be properly considered as mitigating circumstances. Any error in that regard was beneficial to the appellant.