On Return to Remand
We remanded this cause to the Houston Circuit Court with instructions that that court conduct a Batson hearing to allow the State an opportunity to explain its peremptory strikes of black veniremembers, 665 So.2d 951. The trial court complied with our instructions and found that the State's explanations for its strikes were race-neutral.
The State gave the following reasons for striking the black veniremembers:
 Juror number 13: He knew the defendant, the victim, and a State's witness.
 Juror number 37: He admitted that he had a felony conviction.
 Juror number 6: He knew the defendant's family and "came up close" with the defendant's brother.
Juror number 22: Her brother was a convicted felon.
Juror number 11: He knew a State's witness.
 Juror number 9: He was acquainted with the defendant and knew a State's witness.
The fact that a prospective juror knows the defendant or his family is a valid race-neutral reason for striking that juror.Bennett v. State, 623 So.2d 427 (Ala.Cr.App. 1993); Ford v.State, 628 So.2d 1068 (Ala.Cr.App. 1993). Therefore, the reasons for striking jurors number 13, 6, and 9 were race-neutral. The reason for striking prospective *Page 954 
jurors number 37 and 22 is also race-neutral. Striking a prospective juror because the juror or a member of the juror's family has been convicted of a crime is a valid race-neutral reason. Bang v. State, 620 So.2d 106 (Ala.Cr.App. 1993); King v.State, 612 So.2d 1333 (Ala.Cr.App. 1992). Further, the reason given for striking juror number 11 was race-neutral. "When one of the jurors knows one of the witnesses involved in the case, that is a race-neutral reason for the strike of that juror."Williams v. State, 620 So.2d 82, 85 (Ala.Cr.App. 1992).
Because the State presented race-neutral reasons for its peremptory strikes, no error occurred in this regard.
The judgment of the trial court is affirmed.
AFFIRMED.
All Judges concur.