[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 454 
On February 11, 1998, the appellant, Tarus Cleon Lewis, was convicted of the offense of possessing a pistol after having been convicted of a crime of violence, a violation of § 13A-11-72(a), Ala. Code 1975. On April 24, 1998, Lewis was sentenced to 10 years' imprisonment. The sentence was to run concurrently with the sentences he had received in two convictions in Colbert County. On May 26, 1998, Lewis filed a motion for a new trial. That motion was continued until July 15, 1998, by agreement of the state and Lewis. After a hearing, the trial court denied Lewis's motion for a new trial. On August 22, 1998, Lewis appealed.
Before trial, Lewis stipulated that he had previously been convicted of assault in the second degree, which is undisputedly a crime of violence. At trial, Officer Terry Zills with the Russellville Police Department testified that on August 28, 1997, he responded to a report that gunshots were being fired in the Reedtown area of Russellville. Zills stated that when he arrived at the scene Lewis was sitting in the front passenger seat of a car, which was parked in a driveway in front of a house. Two police officers were standing on the passenger side of the car talking to Lewis as Zills approached the car from the driver's side. When Zills looked on the front seat, he saw a pistol "laying a couple of inches from Mr. Lewis' leg. . . ." (R. 223-24.) Zills shouted "gun" and drew his weapon. While the other officers removed Lewis from the car, Zills opened the driver's door and took possession of the pistol.
Officer Scotty Lowery of the Russellville Police Department, testified that after he received information about a weapon being fired in Reedtown, he searched "hot spots" and found Lewis sitting alone in the front passenger seat of a parked car. (R. 242.) As Lowery was talking with Lewis, other police units arrived. Lewis told Lowery that Greg Jones was in the house. Knowing that there were outstanding warrants against Jones, Lowery approached the house. Lowery was almost to the door of the house when he heard Zills shout "Gun." Lowery returned to the car. After Lewis was handcuffed and placed in a police car, Lowery advised him of hisMiranda rights. Lowery testified that Lewis appeared to understand those rights. When Lowery asked who owned the gun, Lewis responded "It's not mine." (R. 248.) Lowery testified that Lewis refused to tell him who owned the gun.
 I.
Lewis claims that the trial court erred in failing to grant his pretrial motion to dismiss the indictment and his motion for a judgment of acquittal made at the close of the state's case-in-chief. Specifically, Lewis claims that the indictment contained a fatal variance and the evidence was insufficient to submit the case to the jury because, he says, the state failed to present evidence, beyond the fact of his mere presence in the car where the pistol was found, that he owned a pistol or that he *Page 455 
had one in his possession or under his control. (Appellant's brief at 18.)
Lewis was charged with violating § 13A-11-72(a), Ala. Code 1975. That section provides:
 "No person who has been convicted in this state or elsewhere of committing or attempting to commit a crime of violence shall own a pistol or have one in his or her possession or under his or her control."
The indictment against Lewis substantially tracks the language of § 13A-11-72(a); therefore, we find no error in the trial court's denial of Lewis's pretrial motion to dismiss the indictment. Sanders v. State, 623 So.2d 428 (Ala.Cr.App. 1993).
In reviewing an appeal from a denial of a motion for a judgment of acquittal, this Court must view the evidence in the light most favorable to the state. Jones v. State, 620 So.2d 129
(Ala.Cr.App. 1993). In addition, the defendant's guilt may be proven by circumstantial as well as direct evidence. Ex parteLockett, 548 So.2d 1045 (Ala. 1989). A defendant's knowledge of contraband may be, and usually is, established by circumstantial evidence. See Bright v. State 673 So.2d 851 (Ala.Cr.App. 1995). If there is a reasonable inference that the state has proven the offense, even by circumstantial evidence, the trial court should submit the case to the jury for it to consider the question of the sufficiency and the weight of the evidence tending to support that inference. McConnell v. State, 429 So.2d 662 (Ala.Cr.App. 1983).
We agree with Lewis that the state was required to show more than his mere presence in a car in which there was also a pistol. (Appellant's brief at 22.) We conclude, however, that there was sufficient evidence presented at trial from which the jury could have reasonably inferred that Lewis had knowledge that the pistol was in the car. Lowery testified at trial that Lewis was alone, sitting in the passenger seat of a car. Lowery further stated that after he arrived on the scene Lewis was never out of the presence of other officers and that no one, other than the officers, approached Lewis or the vehicle. Zills testified that as he approached the car from the driver's side he saw a pistol in plain view, laying on the front seat "within one to three inches" of Lewis. (R. 226.) Additionally, although Lewis claimed that the pistol was not his, Lewis would not tell Lowery who owned the pistol. (R. 248.) Evidence indicating that the pistol was in plain view and that it was easily accessible by Lewis, was sufficient to allow the jury to infer that Lewis had knowledge and was in constructive possession of the pistol at the time of his arrest. The state presented sufficient evidence to warrant submitting the case to the jury. Regarding Lewis's claim that the jury's verdict was improper, this Court will not substitute its judgment for that of the factfinder. Reynolds v. State, 607 So.2d 384
(Ala.Cr.App. 1992).
 II.
Lewis next claims that the trial court erred in overruling his motion challenging the venire. Rule 18.3, Ala.R.Crim.P., provides, in pertinent part: "Motions to challenge the venire shall be made before trial and shall be decided prior to voir dire examination." (Emphasis added.) A review of the record indicates that before the voir dire examination the trial court never ruled on Lewis's objection to the venire. An adverse ruling is necessary to preserve error for appellate review. Peirson v.State, 677 So.2d 830 (Ala.Cr.App. 1996). Because Lewis received no adverse ruling with regard to his challenge to the venire, there is nothing for this court to review.
 III.
Lewis contends that the state used its peremptory strikes against two prospective jurors in a racially discriminatory manner, in violation of Batson v. Kentucky, 476 U.S. 79,106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Lewis claims the state *Page 456 
had "no non-racial basis" for striking the only two black members of the jury venire. (R. 213-14.) The record does not indicate that the trial court found that Lewis had established a prima facia case of discrimination. However, at the end of Lewis's Batson objection, the trial court stated, "[T]he state will give race-neutral reasons for [its] striking the jurors in question." (R. 209.) The state then gave its reason for striking the two black veniremembers. If the challenged party offers explanations for its strikes, the question whether a prima facia case has been made becomes moot. Taylor v. State, 666 So.2d 36 (Ala.Cr.App. 1994), opinion extended after remand, 666 So.2d 71 (Ala.Cr.App. 1994), aff'd, 666 So.2d 73 (Ala. 1995). A trial court's ruling on aBatson issue will not be disturbed unless it is clearly erroneous. Ex parte Branch, 526 So.2d 609 (Ala. 1987). Accordingly, we will review the relevant portions of the record to determine if the trial court's determination was "clearly erroneous." Ex parte Branch, 526 So.2d at 625.
The prosecutor indicated that she struck juror number 59 because she believed Juror number 59 was related to a potential witness of the defense. Lewis argues that the state's reason — that juror number 59 might be related to a witness in the case — was not race-neutral. We disagree. A prospective juror's relationship to a potential witness is a race-neutral reason for removing that juror from the venire. Council v. State, 682 So.2d 495
(Ala.Cr.App. 1996). Moreover, a prosecutor may strike a potential juror based on a mistaken belief. Ex parte Brown,686 So.2d 409 (Ala. 1996). The record indicates that the state, upon investigation, found that juror number 59 was a first cousin of the potential witness's mother. Therefore, we find no Batson
violation.
The prosecutor explained she struck juror number 171 because that juror's husband had prior criminal convictions and a drug charge was pending against him. In addition, we note that in her answers to the trial court's questionnaire juror number 171 denied that she or her spouse had ever been charged with a crime. (R. 210.) Striking a prospective juror because a member of the juror's family has been convicted of a crime is a valid race-neutral reason under Batson. Temmis v. State, 665 So.2d 953
(Ala.Cr.App. 1994).
Here, the prosecutor articulated race-neutral reasons for the challenged peremptory strikes. The burden then shifted to Lewis to offer evidence showing that those reasons were merely shams or pretextual. Ex parte Branch, 526 So.2d 609, 624 (Ala. 1987). Lewis failed to show that the prosecutor's reasons were merely a sham or a pretext. Thus, the trial court's decision denying Lewis's Batson motion was not "clearly erroneous." Ex parteBranch, 526 So.2d at 625.
 IV.
Lewis next claims the trial court should have disqualified the Franklin County District Attorney's Office from trying his case because, he says, the district attorney, Chris Hargett, was a potential witness in his case. Specifically, Lewis argues that because Hargett was present when he was arrested, Hargett and all members of his office should recuse themselves from prosecuting his case under Rule 3.7, Ala.R.Prof.Cond. Rule 3.7 states, in pertinent part: "A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness. . . ." Lewis, however, failed to establish that Hargett had presented his case to the grand jury or that Hargett would be a "necessary witness." He offers no suggestion as to what Hargett's testimony would be or how he was prejudiced by not being able to present Hargett's testimony. Additionally, the record indicates that one of Hargett's assistants prosecuted Lewis's case; therefore, Hargett himself was never an "advocate" at Lewis's trial. Because Lewis also failed to show how he was prejudiced by Hargett's office being *Page 457 
permitted to prosecute his case, we find no error with regard to this claim.
 V.
Lewis claims that the trial court erred in denying his motion to dismiss because, he says, the state failed to prove that he had been previously convicted of a crime of violence. This claim is refuted by the record. The morning of trial, Lewis, through trial counsel, stipulated in open court that he had been convicted of assault in the second degree and that assault was a crime of violence. (R. 205.) If a defendant (or the state) stipulates in open court to facts, the failure to prove those facts at trial cannot then be raised on appeal. See Sprightly v. State, 414 So.2d 170
(Ala.Cr.App. 1982).
 VI.
Lewis claims the trial court misstated the law concerning possession in its instruction to the jury. Specifically, Lewis argues the trial court's statement, when explaining the elements necessary to prove possession of the pistol, that the state must show that Lewis had "actual or potential physical control" over the gun misstated the law. Lewis cites no authority for this claim; therefore, his claim is unsupported.
Furthermore, this Court has held that in order to show constructive possession of a controlled substance the state must prove actual or potential physical control. See Palmer v. State,593 So.2d 143 (Ala.Cr.App. 1991). The state's burden of proof for constructive possession of a pistol is analogous to its burden of proof for constructive possession of a controlled substance. The state clearly established that Lewis had potential physical control over the gun; therefore, we find no error in the trial court's instruction.
 VII.
Finally, although Lewis did not raise this issue on appeal, Lewis's sentence of 10 years' imprisonment exceeded the maximum prescribed by law. Lewis was convicted pursuant to § 13A-11-72(a), Ala. Code 1975. The sentencing range for a violation of §13A-11-72(a) is found at § 13A-11-84(a), which reads, in pertinent part: "[E]very violation of subsection (a) of Section 13A-11-72 . . . shall be punishable by imprisonment for not more than fiveyears." (Emphasis added.) See, also, Bush v. State, 615 So.2d 137,141 (Ala.Cr.App. 1992). Lewis's sentence was excessive; therefore, we must remand this case with the instructions that the trial court vacate Lewis's sentence and hold a new sentencing hearing. The trial court shall sentence the appellant in accordance with § 13A-11-84(a) and this opinion. The trial court shall take all necessary action to ensure that the circuit clerk makes due return to this court at the earliest possible time and within 56 days of the release of this opinion. The return to remand shall include a new sentencing order and a transcript of the proceedings.
Lewis's conviction is affirmed, and the case is remanded for a new sentencing hearing.
AFFIRMED AS TO CONVICTION; REMANDED WITH INSTRUCTIONS AS TO SENTENCING.*
Long, P.J., and McMillan, Cobb, and Baschab, JJ., concur.
* Note from the reporter of decisions: On August 20, 1999, on return to remand, the Court of Criminal appeals affirmed, without opinion. *Page 458