BOLIN, Justice.
Michael Shannon Taylor was convicted of three counts of capital murder for the killings of Ivan Moore and Lucille Moore. The murders were made capital because they were committed during the course of robbery, see § 13A-5-40(a)(2) Ala.Code 1975 (two counts), and because two or more people were murdered according to one scheme or course of conduct, see § 13A-5-40(a)(10), Ala Code 1975 (one count). On April 14, 1993, the jury unanimously recommended that Taylor be sentenced to death; the trial court accepted the jury’s recommendation. The Court of Criminal Appeals remanded the case for the trial court to correct its sentencing order, Taylor v. State, 666 So.2d 36 (Ala.Crim.App.), and affirmed on return to remand, 666 So.2d 71 (Ala.Crim.App.1994); this Court affirmed the Court of Criminal Appeals’ judgment, Ex parte Taylor, 666 So.2d 73 (Ala.1995), and the United States Supreme Court denied his petition for cer-tiorari review, Taylor v. Alabama, 516 U.S. 1120, 116 S.Ct. 928, 133 L.Ed.2d 856 (1996).
On March 3, 1997, Taylor filed a Rule 32, Ala. R.Crim. P., petition, challenging his conviction and sentence; he amended his petition on November 20, 1998, and July 13, 1999. The circuit court dismissed some of the claims asserted in the petition, conducted a hearing on the remaining claims, and subsequently denied the petition. Taylor appealed. A majority of the Court of Criminal Appeals affirmed the trial court’s judgment denying postconviction relief. Taylor v. State, 10 So.3d 1037 (Ala.Crim.App.2004). Judge Cobb concurred in part and dissented in part with an opinion, joined by Judge Shaw, and Judge Shaw also issued a separate opinion concurring in part and dissenting in part. Judge Cobb’s special writing expresses her *1077 belief that the majority erred in its analysis of the ineffective-assistanee-of-counsel claims regarding issues that were raised and addressed by the Court of Criminal Appeals on Taylor’s direct appeal from his conviction and death sentence. Specifically, she states that the majority erred in holding that a petitioner in a Rule 32, Ala. R.Crim. P., proceeding cannot, as a matter of law, establish prejudice under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), when the court on direct appeal found no plain error with respect to a substantive claim.
Taylor petitioned this Court for certiorari review on several grounds. However, we granted certiorari review only with respect to the issue whether a determination on direct appeal that there was no plain error in the trial proceedings necessarily forecloses a determination of the prejudice required under Strickland v. Washington for a claim of ineffective assistance of counsel raised in a postconviction proceeding. This Court holds that it does not. We affirm in part, reverse in part, and remand.
In Strickland, supra, the United States Supreme Court set out the standard for granting postconviction relief based on allegations of ineffective assistance of counsel. The Strickland standard has two components: “First, the defendant must show that counsel’s performance was deficient. ... Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel’s errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.” 466 U.S. at 687, 104 S.Ct. 2052.
The Court of Criminal Appeals’ opinion erroneously concludes that a finding of no plain error on direct appeal automatically precludes a capital defendant from raising a claim of ineffective assistance of counsel in a postconviction proceeding.
The majority stated:
“[Wjhen this court and/or the Alabama Supreme Court has specifically addressed and rejected a substantive claim on direct appeal, whether reviewing for plain or preserved error, a petitioner in a Rule 32 proceeding who raises an ineffective-assistance claim based on that same substantive claim cannot establish prejudice under Strickland [v. Washington, 466 U.S. 668 (1984) ].”
Taylor v. State, 10 So.3d at 1047.
According to a majority of the Court of Criminal Appeals, when there has been a finding of no plain error as to a particular issue, a petitioner can never meet the burden of proof established in Strickland for an ineffective-assistance-of-counsel claim, because even if the petitioner can prove that counsel’s performance was deficient with regard to the underlying substantive issue, the prejudice prong of the Strickland test cannot be satisfied.
In Thomas v. State, 766 So.2d 860 (Ala.Crim.App.1998), the Court of Criminal Appeals first stated its position that a finding of no plain error on direct appeal precluded a finding of prejudice under Strickland in a subsequent postconviction proceeding. In Ex parte Thomas, 766 So.2d 975 (Ala.2000), this Court affirmed the judgment of the Court of Criminal Appeals, but it did not affirm that specific holding. We stated:
“In the case before us, the failure of the defendant-petitioner’s trial counsel to preserve error for the failure of the trial court to instruct the jury on the lesser included offense of manslaughter relegated the defendant-petitioner to the plain-error rule, which increased the burden on the defendant-petitioner to prove prejudice. Ex parte Woodall, 730 So.2d 652, 657 (Ala.1998); Kuenzel v. State, 577 So.2d 474, 489 (Ala.Crim.App. *1078 1990), aff'd 577 So.2d 531 (Ala.1991), aff'd 502 U.S. 886, 112 S.Ct. 242, 116 L.Ed.2d 197 (1991); and Ex parte Kennedy, 472 So.2d 1106, 1111 (Ala.1985) (a failure to object at trial, while not precluding our review, will weigh against any claim of prejudice). Indeed, plain error review apparently availed the defendant-petitioner nothing on his direct appeal, for neither the Court of Criminal Appeals nor this Court even mentioned the issue of the failure of the trial court to instruct the jury on the lesser included offense of manslaughter in the respective opinions at that stage. Thomas v. State, [539 So.2d 375 (Ala.Crim.App.1988) ], and Ex parte Thomas, [539 So.2d 399 (Ala.1988) ].
[[Image here]]
“The issue of whether trial defense counsel’s not preserving error and thereby relegating the defendant-petitioner to plain-error review prejudiced the defendant-petitioner depends on whether he would have obtained a reversal and a new trial (an obviously better result) if his trial defense counsel had preserved the error for review. For the reasons we will explain, we conclude that even a preserved-emr review of this particular issue would not have availed the defendant-petitioner a reversal and therefore the failure by trial defense counsel to preserve the error did not prejudice the defendant-petitioner. In other words, the result would have been the same in either event because, under the particular facts and circumstances of this case, had trial defense counsel preserved the error, the appellate courts would have recognized the error but would not have found prejudice that required reversal.”
766 So.2d at 979.
Presented with a similar issue in Deck v. State, 68 S.W.3d 418, 428 (Mo.2002), the Missouri Supreme Court noted:
“Of course, as Strickland recognized, 466 U.S. at 694, 697, 104 S.Ct. 2052, this theoretical difference in the two standards of review will seldom cause a court to grant post-conviction relief after it has denied relief on direct appeal, for, in most cases, an error that is not outcome-determinative on direct appeal will also fail to meet the Strickland test. Nonetheless, Strickland cautions that the distinction in the standards of review is important because there are a small number of cases in which the application of the two tests will produce different results. Id. at 697, 104 S.Ct. 2052.”
Although it may be the rare case in which the application of the plain-error test and the prejudice prong of the Strickland test will result in different outcomes, a determination on direct appeal that there has been no plain error does not automatically foreclose a determination of the existence of the prejudice required under Strickland to sustain a claim of ineffective assistance of counsel. In determining whether to grant a Rule 32 petitioner relief on an ineffective-assistance claim, a court must examine both the plain-error and prejudice standards of review.
Accordingly, we reverse the judgment of the Court of Criminal Appeals insofar as it held that a petitioner in a Rule 32, Ala. R.Crim. P., proceeding cannot, as a matter of law, establish prejudice under Strickland, when on direct appeal the Court of Criminal Appeals has found no plain error with respect to the substantive claim, and we remand the cause for further proceedings consistent with this opinion. We affirm the judgment of the Court of Criminal Appeals insofar as it affirmed the trial court’s denial of the other claims presented in Taylor’s Rule 32 petition.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
*1079 SEE, LYONS, HARWOOD, WOODALL, SMITH, and PARKER, JJ., concur.
NABERS, C.J., and STUART, J., concur specially.