On Remand from the Alabama Supreme Court
 

 BASCHAB, Judge.
 

 On April 14, 1993, the appellant, Michael Shannon Taylor, was convicted of three counts of capital murder for the killings of Ivan Moore and Lucille Moore. Two of the counts were made capital because he committed the murders during the course of a robbery,
 
 see
 
 § 13A-5-40(a)(2), Ala. Code 1975, and the third was made capital because he murdered two or more people pursuant to one scheme or course of conduct,
 
 see
 
 § 13A-5-40(a)(10), Ala.Code 1975. On April 14, 1993, the jury unanimously recommended that he be sentenced to death. On May 5, 1993, the trial court accepted the jury’s recommendation and sentenced him to death. We affirmed his convictions,
 
 see Taylor v. State,
 
 666 So.2d 36 (Ala.Crim.App.1994), and sentence,
 
 see Taylor v. State,
 
 666 So.2d 71 (Ala.Crim.App.1994); the Alabama Supreme Court affirmed his convictions and sentence, see
 
 Ex parte Taylor,
 
 666 So.2d 73 (Ala.1995); and the United States Supreme Court denied his petition for certiorari review, see
 
 Taylor v. Alabama,
 
 516 U.S. 1120, 116 S.Ct. 928, 133 L.Ed.2d 856 (1996). This court issued a certificate of judgment on August 8,1995.
 

 On
 
 March 3, 1997, the appellant filed a Rule 32 petition, challenging his convictions and sentence, and he amended his petition on November 20, 1998, and July 13,1999. The circuit court dismissed some of the claims as procedurally barred, conducted an evidentiary hearing on the remaining claims, and subsequently denied the petition.
 

 On appeal from the denial of the petition, we held, in part:
 

 “[Wjhen this court and/or the Alabama Supreme Court has specifically addressed and rejected a substantive claim on direct appeal, whether reviewing for plain or preserved error, a petitioner in a Rule 32 proceeding who raises an ineffective-assistance claim based on that same substantive claim cannot establish prejudice under
 
 Strickland [v. Washington,
 
 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) ].”
 

 Taylor v. State,
 
 10 So.3d 1037, 1047 (Ala.Crim.App.2004) (footnote omitted). The appellant then filed a petition for a writ of certiorari in the Alabama Supreme Court.
 
 *1081
 
 In its opinion on certiorari review, the Alabama Supreme Court stated:
 

 “[W]e granted certiorari review only with respect to the issue whether a determination on direct appeal that there was no plain error in the trial proceedings necessarily forecloses a determination of the prejudice required under
 
 Strickland v. Washington
 
 for a claim of ineffective assistance of counsel raised in a postconviction proceeding. This Court holds that it does not....
 

 [[Image here]]
 

 “The Court of Criminal Appeals’ opinion erroneously concludes that a finding of no plain error on direct appeal automatically precludes a capital defendant from raising a claim of ineffective assistance of counsel in a postconviction proceeding.
 

 [[Image here]]
 

 “Although it may be the rare case in which the application of the plain-error test and the prejudice prong of the
 
 Strickland
 
 test will result in different outcomes, a determination on direct appeal that there has been no plain error does not automatically foreclose a determination of the existence of the prejudice required under
 
 Strickland
 
 to sustain a claim of ineffective assistance of counsel. In determining whether to grant a Rule 32 petitioner relief on an ineffective-assistance claim, a court must examine both the plain-error and prejudice standards of review.
 

 “Accordingly, we reverse the judgment of the Court of Criminal Appeals insofar as it held that a petitioner in a Rule 32, Ala. R.Crim. P., proceeding cannot, as a matter of law, establish prejudice under
 
 Strickland,
 
 when on direct appeal the Court of Criminal Appeals has found no plain error with respect to the substantive claim, and we remand the cause for further proceedings consistent with this opinion. We affirm the judgment of the Court of Criminal Appeals insofar as it affirmed the trial court’s denial of the other claims presented in Taylor’s Rule 32 petition.”
 

 Ex parte Taylor,
 
 10 So.3d 1075, 1078 (Ala.2005).
 

 In his original brief to this court, the appellant argued that the circuit court erred in rejecting the following allegations by concluding that a finding of no plain error on direct appeal foreclosed a finding of prejudice under
 
 Strickland:
 

 (1) trial counsel rendered ineffective assistance because they did not effectively challenge his arrest and his consent to search his hotel room;
 

 (2) trial counsel rendered ineffective assistance during the suppression hearing because they did not effectively challenge the admissibility of his statement to law enforcement officers;
 

 (3) trial counsel rendered ineffective assistance because they did not object to a “supplement” to his statement to law enforcement officers;
 

 (4) trial counsel rendered ineffective assistance because they did not object to the indictment on double jeopardy grounds;
 

 (5) trial counsel rendered ineffective assistance because they did not object to alleged prosecutorial misconduct during the voir dire proceedings;
 

 (6) trial counsel rendered ineffective assistance because they did not timely object to the prosecutor’s attempts to minimize the jury’s sense of responsibility for its verdict during the penalty phase of the trial;
 

 (7) trial counsel rendered ineffective assistance because they did not object to inflammatory remarks the prosecutor made during his opening statement;
 

 
 *1082
 
 (8) trial counsel rendered ineffective assistance because they did not object to the prosecutor leading and coaching witnesses;
 

 (9) trial counsel rendered ineffective assistance because they did not object to the prosecutor’s comments concerning reasonable doubt;
 

 (10) trial counsel rendered ineffective assistance because they did not object to the prosecutor’s allegedly improper closing arguments;
 

 (11) trial counsel rendered ineffective assistance because they did not effectively argue for instructions on lesser included offenses;
 

 (12) trial counsel rendered ineffective assistance because they did not object to Officer Mike Garigues being allowed to remain in the courtroom while other witnesses testified;
 

 (13) trial counsel rendered ineffective assistance because they did not object to victim impact evidence being introduced during the guilt phase of the trial;
 

 (14) trial counsel rendered ineffective assistance because they did not object to the trial court’s allegedly improper instruction about the jury’s duty;
 

 (15) trial counsel rendered ineffective assistance because they did not object to the allegedly multiplicitous indictment;
 

 (16) trial counsel rendered ineffective assistance because they did not object to the prosecutor’s attempts to lessen the jury’s sense of responsibility during the sentencing hearing;
 

 (17) trial counsel rendered ineffective assistance because they did not object to the prosecutor’s efforts to lessen the jury’s sense of responsibility during sentencing, thereby resulting in prejudice during his appeal;
 

 (18) trial counsel rendered ineffective assistance because they did not object to allegedly improper testimony and argument about his post-arrest silence and lack of remorse;
 

 (19) trial counsel rendered ineffective assistance because they did not object to the prosecutor’s closing argument that the jury should do its job and return a recommendation of death; and
 

 (20) trial counsel rendered ineffective assistance because they did not object to the trial court’s written finding that the mitigating circumstances were not sufficient to outweigh the aggravating circumstances.
 

 Based on the Alabama Supreme Court’s decision in
 
 Ex parte Taylor,
 
 the circuit court’s ruling as to these allegations was erroneous.
 
 [1]
 

 Neither the State nor the circuit court has had an opportunity to address the appellant’s allegations by applying the prejudice prong of the
 
 Strickland,
 
 test, as is required by
 
 Ex parte Taylor.
 
 Accordingly, we remand this case to the circuit court for that court to make specific, written findings of fact regarding the allegations set out above in light of the Alabama Supreme Court’s decision in
 
 Ex parte Taylor.
 

 [2]
 

 On remand, the circuit court may
 
 *1083
 
 allow the State to respond specifically to the appellant’s allegations with regard to these claims and/or may conduct an evi-dentiary hearing or otherwise take evidence pursuant to Rule 32.9, Ala. R.Crim. P. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 84 days after the release of this opinion. The return to remand shall include the State’s response, if any; a transcript of the evi-dentiary hearing or documents submitted pursuant to Rule 32.9, Ala. R.Crim. P., if any; and the circuit court’s specific, -written findings of fact as to each claim.
 

 REMANDED WITH INSTRUCTIONS.
 

 McMILLAN, P.J., and COBB, SHAW, and WISE, JJ., concur.
 

 [1]
 

 . The circuit court purported to make alternative findings as to some of these allegations. However, many of those alternative findings are inextricably entwined with the circuit court's conclusion that a finding of no plain error on direct appeal foreclosed a finding of
 
 Strickland
 
 prejudice in a Rule 32 ineffective-assistance-of-counsel allegation. Also, some of the alternative findings involve instances in which the circuit court stated that the appellant did not present sufficient evidence to support his allegations after the court limited his presentation of certain evidence during the evidentiary hearing.
 

 [2]
 

 . By remanding this case, we do not in any way mean to imply that the appellant has satisfied his burden of pleading pursuant to
 
 *1083
 
 Rules 32.3 and 32.6(b), Ala. R.Crim. P. Rather, we simply intend for the circuit court to apply the proper standard in reviewing the allegations. On remand, if the circuit court determines that the appellant has sufficiently pled any of the allegations, it may conduct further proceedings in accordance with Rule 32.9, Ala. R.Crim. P.