DANIEL J. ANKER, Defendant Below-Appellant,
v.
STATE OF DELAWARE Plaintiff Below, Appellee.
No. 412, 2007.
Supreme Court of Delaware
Submitted: November 9, 2007.
Decided: January 9, 2008.
Before STEELE, Chief Justice, BERGER, and RIDGELY, Justices.

ORDER
HENRY DUPONT RIDGELY, Justice.
This 9th day of January 2008, upon consideration of the briefs of the parties, it appears to the Court that:
(1) Defendant-Appellant Daniel J. Anker appeals from the Superior Court's summary dismissal of his Motion for Post-Conviction Relief under Superior Court Criminal Rule 61. In his appeal, Anker argues that the Superior Court erred in deciding that a finding of "no plain error" in Anker's direct appeal precluded a claim of ineffective assistance of counsel based on the same errors. Anker argues that the Superior Court dismissed his Strickland[1] claim under Skinner v. State,[2] and thereby erred as a matter of law. We disagree with Anker's assertion that the Superior Court precluded his claim of ineffective assistance of counsel. Instead, the Superior Court found that Anker had made no attempt to establish the prejudice a defendant must show under Strickland. We find no merit to this appeal and affirm.
(2) Anker was a real estate lawyer practicing in Delaware as a solo practitioner. His daughter, Laura Larks, was his sole employee. In various refinancing closings, Anker did not apply the money deposited into his escrow account by the new mortgagee to satisfy the existing mortgages, pay off the seller's mortgage, or, in one case, pay the money to the seller's mortgagee. When his clients realized that the money was not paid to satisfy the mortgages, they would contact Anker's office. Larks would tell him that it was the bank's fault, and in some cases, would say that the bank offered the client a settlement. Anker was charged with nine counts of theft relating to the real estate closings. A Superior Court jury convicted Anker of nine counts of Felony Theft and Conspiracy. This Court upheld his convictions on direct appeal.[3] Anker thereafter filed a post-conviction motion asserting ineffective assistance of counsel. The Superior Court summarily dismissed his appeal because he did not "state, detail, explain, or in any way address how the outcome of the proceedings may have been different had counsel not committed these alleged errors." This appeal followed.
(3) We review a trial judge's denial of a motion for post-conviction relief based on ineffective assistance of counsel for abuse of discretion.[4] We review questions of law de novo.[5] In reviewing the record, we must determine whether "competent evidence supports the court's findings of fact and whether its conclusions of law are not erroneous."[6]
(4) Under Delaware law, claims or objections to evidentiary matters must be fairly presented to the trial court in order to preserve the issue on appeal, otherwise we review only for plain error.[7] Such a claim of error must be "apparent on the face of the record" and "so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process" in order to be considered.[8] To establish plain error, the defendant has the burden of showing actual prejudice.[9] "A plain error standard will not be applied to review a claim resulting from a tactical decision by counsel not `to pursue a particular defense or to eschew another.'"[10]
(5) Similarly, when reviewing claims under Strickland, a defendant must satisfy a two-pronged test by showing (1) that trial counsel's action fell below an objective standard of reasonableness and (2) there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the trial would have been different.[11] Satisfying the "prejudice" prong requires "attention to whether the result of the proceeding was fundamentally unfair or unreliable."[12] Further, a defendant "must make specific allegations of actual prejudice and substantiate them."[13]
(6) In reviewing the merits of Anker's argument, we note that other courts have recognized a distinction between the two standards of review for purposes of post-conviction relief. Among these courts, there is a split on whether these differences are "outcome determinative." Most find a theoretical difference and have articulated it.[14] We need not address the merits of Anker's argument on this point because the Superior Court decided this case upon a different ground.
(7) The Superior Court concluded that "even if the Court assumed, without deciding, that counsel's performance was deficient, all of defendant's claims fail because he has not made any attempt to show that the deficient performance caused defendant prejudice."[15] In acknowledging that Skinner may preclude him from raising the issue, the Superior Court concluded that the Skinner issue "is irrelevant as to why defendant did not establish prejudice. What is relevant is that he has not made any attempt to meet his burden of establishing prejudice."[16] The Superior Court's conclusion is supported by the record. Because Anker did not substantiate any specific allegations of actual prejudice, the court did not err in summarily dismissing his claim.
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.
NOTES
[1] Strickland v. Washington, 466 U.S. 668, 687 (1984).
[2] 607 A.2d 1170 (Del. 1992).
[3] Anker v. State, 2006 Del. LEXIS 578.
[4] Zebroski v. State, 822 A.2d 1038, 1043 (Del. 2003), impliedly overruled on other grounds as recognized in Steckel v. State, 882 A.2d 168, 171 (Del. 2005).
[5] Id.
[6] Id. (quoting Outten v. State, 720 A.2d 547, 551 (Del. 1998)).
[7] See Del. Supr. Ct. R. 8; D.R.E. 103(d).
[8] Wainwright v. State, 504 A.2d 1096, 1100 (1986). Whether the error is apparent is viewed "from the vantage point of the appellate court in reviewing the trial record, not whether it was apparent to the trial court in light of then-existing law." Capano v. State, 781 A.2d 556, 663
[9] Capano, 781 A.2d at 663.
[10] Coble v. State, 1992 WL 183075, at *1 (Del. Supr.) (quoting Stansbury v. State, 591 A.2d 188 (Del. 1991)).
[11] Flamer v. State, 585 A.2d 736, 753 (Del. 1990); Strickland, 466 U.S. at 688, 694.
[12] Shelton v. State, 744 A.2d 465, 475 (Del. 2000) (quoting Outten v. State, 720 A.2d 547, 552 (Del. 1998)).
[13] Id. (quoting Wright v. State, 671 A.2d 1353, 1356 (Del. 1996)).
[14] See Pennsylvania v. Reaves, 923 A.2d 1119, 1130 (Pa. 2007) ("This Court has long recognized the distinction between Strickland prejudice and the harmless error standard applicable in the direct review context, and this distinction can be outcome-determinative."); Pennsylvania v. Howard, 645 A.2d 1300, 1308 (Pa. 1994) ("[I]t is not axiomatic that what can never be harmless error by the trial court equates to ineffective assistance of counsel."); In re Taylor,  So.2d , 2005 WL 2403729 (Ala. 2005) ("Although it may be the rare case in which the application of the plain-error test and the prejudice prong of the Strickland test will result in different outcomes, a determination on direct appeal that there has been no plain error does not automatically foreclose a determination of the existence of the prejudice required under Strickland to sustain a claim of ineffective assistance of counsel."); see also Deck v. Missouri, 68 S.W.3d 418 (Mo. 2002):

Of course, as Strickland recognized, 466 U.S. at 694, 697, 104 S. Ct. 2052 this theoretical difference in the two standards of review will seldom cause a court to grant post-conviction relief after it has denied relief on direct appeal, for, in most cases, an error that is not outcome-determinative on direct appeal will also fail to meet the Strickland test. Nonetheless, Strickland cautions that the distinction in the standards of review is important because there are a small number of cases in which the application of the two tests will produce different results. See also Kristin Traicoff, Closing Two Doors: How Courts Misunderstand Prejudice under Olano and Strickland, CRIMINAL JUSTICE (Winter 2007) (discussing this issue and concluding that Deck articulates the best distinction). But see Ohio v. Murphy, 747 N.E.2d 765, 810 (Ohio 2001) (Cook, J., concurring) ("I disagree with the majority's citation to [U.S. v. Olano, 507 U.S. 725 (1993)] at the conclusion of its analysis of Murphy's claim of ineffective assistance of counsel. I do not disagree with Olano's formulation of the plain-error standard of review, but the standard for prejudice under the plain-error rule differs from the standard for prejudice in an ineffective-assistance-of-counsel claim, and we should studiously avoid mixing the two concepts.").
[15] State v. Anker, 2007 Del. Super. LEXIS 209, at *8.
[16] Id.