IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOSE BECERRA, | § | |
| | § | No. 541, 2014 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | Court Below – Superior Court |
| v. | § | of the State of Delaware, in |
| | § | and for New Castle County |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID No. 1306011961 |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: September 24, 2015
Decided: September 25, 2015

Before **STRINE**, Chief Justice; **HOLLAND**, and **SEITZ**, Justices.

## **O R D E R**

On this 25th day of September 2015, the Court having considered this matter on the briefs filed by the parties, it appears to the Court that:

(1) On June 20, 2014, a Superior Court jury convicted Jose Becerra of robbery in the first degree, conspiracy in the second degree, four counts of possession of a firearm during the commission of a felony, aggravated menacing, and burglary second degree.[1] The Superior Court judge

---

[1] App. to Opening Br. at 1 (Superior Court Docket).

sentenced Becerra to twenty years at Level V, followed by six months at Level IV, followed by six years at Level III.[2]

(2)     Becerra raises two issues on appeal.  First, he claims the Superior Court committed plain error by admitting testimony against him at trial that he argues contained hearsay and irrelevant statements.  Second, he claims that the Superior Court erred in failing *sua sponte* to grant him a judgment of acquittal at the close of the State's case against him.

(3)     With one exception, Becerra did not object at trial to the introduction of the evidence he complains about on appeal.  We review un-objected to testimony for plain error.[3]  "Under the plain error standard of review, the error complained of must be so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process."[4]  "Plain errors must be 'apparent on the face of the record.'"[5]  "To establish plain error, the defendant has the burden of showing actual prejudice."[6]

(4)     We find no merit in Becerra's belated evidentiary objections.  If Becerra had raised his objections in the trial court, the State would have had an opportunity to respond, and the admissibility of statements by co-

---

[2] Ex. B to Opening. Br. (Sentencing Order).
[3] *Cannon v. State*, 947 A.2d 1120, 2008 WL 1960131, at *2 (Del. May 6, 2008) (Table).
[4] *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986) (citing *Dutton v. State*, 452 A.2d 127, 156 (Del. 1982)).
[5] *Capano v. State*, 781 A.2d 556, 663 (Del. 2001) (citing *Wainwright*, 504 A.2d at 1100).
[6] *Anker v. State*, 941 A.2d 1018, 2008 WL 187962, at *1 (Del. Jan. 9, 2009) (Table) (citing *Capano*, 781 A.2d at 663).

conspirators could have been addressed by the trial judge.[7]  In any event, having reviewed the trial court record, had there been a timely objection, the State would have been able to demonstrate a conspiracy by a preponderance of the evidence, and the statements by co-conspirators would have been admissible.  The remaining evidentiary objection raised at trial was resolved to defense counsel's satisfaction and therefore waived.[8]

(5)    Regarding Becerra's last claim of error, the Superior Court's alleged failure *sua sponte* to grant him a judgment of acquittal, Becerra did not move for judgment of acquittal.  We therefore review for plain error.[9]  Before granting a judgment of acquittal, the trial court must determine "whether *any* rational trier of fact, viewing the evidence in the light most favorable to the State, could find the defendant guilty beyond a reasonable doubt."[10]

(6)    Becerra admitted in his taped statement to police that he provided information to his co-conspirators that they used to commit the robbery.[11]  Becerra also admitted that he met one of the co-conspirators to

---

[7] *See* D.R.E. 801(d)(2)(E) (a statement is not hearsay if it is "a statement by a co-conspirator of a party during the course and in furtherance of the conspiracy; provided that the conspiracy has first been established by the preponderance of the evidence to the satisfaction of the court.").

[8] App. to Opening Br. at 68 (Trial Test. of Det. Frederick Nelson, June 19, 2014).

[9] *See, e.g., Hainey v. State*, 878 A.2d 430, 433 (Del. 2005).

[10] *Robertson v. State*, 596 A.2d 1345, 1355 (Del. 1991) (emphasis in original).

[11] State's Trial Ex. 15; App. to Opening Br. at 80 (Trial Test. of Jose Becerra, June 19, 2014).

receive money, which he accepted, knowing it was from the robbery.[12] Combined with the other evidence establishing Becerra's connection with the store that was robbed and his communications with his co-conspirators before and after the robbery,[13] there was ample evidence to prove Becerra's involvement as an accomplice to the robbery.

NOW, THEREFORE IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ *Collins J. Seitz, Jr.*
Justice

---

[12] State's Trial Ex. 15; App. to Opening Br. at 80 (Trial Test. of Jose Becerra, June 19, 2014).

[13] App. to Opening Br. at 32, 44-45 (Trial Test. of Maria-Rosa Sanchez, June 18, 2014), 59-60 (Trial Test. of Rosalba Medina-Sanchez, June 18, 2014), 86-88 (Trial Test. of Det. Timothy Hoffecker, June 19, 2014); State Trial Ex. 12, 13.