MATTHEW KENNARD, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 615, 2008
Supreme Court of Delaware.
Submitted: July 10, 2009.
Decided: August 24, 2009.
Before STEELE, Chief Justice, HOLLAND, and RIDGELY, Justices.

O R D E R
MYRON T. STEELE, Chief Justice
This 24th day of August 2009, upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:
(1) The appellant, Matthew Kennard, filed this appeal from the Superior Court's denial of his motion for postconviction relief. Kennard raises four issues in his opening brief on appeal. Because we find these issues procedurally barred, we affirm the Superior Court's denial of postconviction relief.
(2) The record reflects that a Superior Court jury convicted Kennard in October 2006 of two counts of receiving a stolen firearm, two counts of possession of a deadly weapon by a person prohibited, and one count of possession of a destructive weapon. The jury acquitted Kennard of burglary charges. This Court affirmed Kennard's convictions on appeal.[1] In July 2008, Kennard filed a petition for postconviction relief. Thereafter, Kennard moved to withdraw his petition. The Superior Court granted his request. On September 10, 2008, Kennard filed an amended petition for postconviction relief, which the Superior Court denied. This appeal followed.
(3) Kennard raises four issues in his opening brief on appeal. First, he contends that the Superior Court abused its discretion at trial by allowing the admission of certain recorded phone conversations. Second, Kennard contends that the admission of the recorded phone conversations violated his confrontation clause rights. Third, Kennard contends that the manner in which the State charged him violated his double jeopardy clause rights. Finally, Kennard argues that the Superior Court's erroneous jury instruction improperly shifted the burden of proof.
(4) This Court reviews the Superior Court's denial of postconviction relief for abuse of discretion.[2] The Court first must consider the procedural requirements of Rule 61(i) before addressing any substantive issues.[3] The Superior Court found that Kennard's petition, filed on September 10, 2008, was time-barred because it was filed more than one year after this Court affirmed his convictions on appeal on September 6, 2007. This conclusion is incorrect, however, because the mandate in Kennard's direct appeal was not issued, and thus his convictions did not become final, until September 24, 2007.[4]
(5) Notwithstanding the Superior Court's error, the judgment still must be affirmed because the issues raised in Kennard's opening brief are barred by Superior Court Criminal Rule 61(i)(3), which the Superior Court also held. Rule 61(i)(3) provides that any ground for postconviction relief that was not asserted in the proceedings leading to the judgment of conviction is thereafter barred unless the petitioner can show cause for the procedural default and prejudice. In this case, Kennard did not raise any of these claims in the proceedings leading to his conviction, and he has made no attempt to establish either cause or prejudice.
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.
NOTES
[1] Kennard v. State, 2007 WL 2523022 (Del. Sept. 6, 2007).
[2] Dawson v. State, 673 A.2d 1186, 1190 (Del. 1996).
[3] Younger v. State, 580 A.2d 552, 554 (Del. 1990).
[4] Steckel v. State, 882 A.2d 168, 170-71 (Del. 2005) (noting that a conviction becomes final for purposes of Rule 61 after the mandate issues on direct appeal).